960 So.2d 805 (2007)
GALE INDUSTRIES, INC., etc., Appellant,
v.
Frank J. TRYTEK and Cathy L. Trytek, Appellee.
No. 5D06-1569.
District Court of Appeal of Florida, Fifth District.
June 22, 2007.
Order Denying Rehearing and Granting Certification August 3, 2007.
Edward M. Baird and Mark T. Snelson, of Wright, Fulford, Moorhead & Brown, P.A., Orlando, for Appellant.
*806 Michael R. D'Lugo, of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Orlando, for Appellee.
MONACO, J.
The appellant, Gale Industries, Inc., seeks review of a final order determining that the appellees, Frank J. Trytek and Cathy L. Trytek, were the prevailing parties for the purpose of the trial court's award of attorneys' fees pursuant to section 713.29, Florida Statutes (2005). Because we conclude that Gale Industries was the prevailing party in this construction lien foreclosure, we reverse.
Mr. and Mrs. Trytek were building a new residence. As part of that project, they contracted with Gale Industries, an insulation contractor, to provide insulation throughout the structure. While installing the insulation, Gale's employees inadvertently caused some staples to be driven through some previously installed electrical wires. The parties agreed that Try-Cor Electric Company, a corporation owned by Frank Trytek that was involved in electrical contracting, would make the necessary repairs. After Try-Cor finished its work the Tryteks delivered an invoice to Gale Industries for the purported cost of the repairs, which after some adjustments was in the final amount of $18,630. Gale Industries balked and declined to set off that amount from its bill because it thought that the cost was unreasonably high.
Eventually, Gale Industries recorded a construction claim of lien in the amount of $12,725 for the insulation work, and timely brought suit to foreclose the lien. Mr. and Mrs. Trytek counterclaimed for the $18,630 cost of the electrical repairs. Early in the proceedings the parties stipulated that the Gale Industries claim of lien complied procedurally with the construction lien law, Chapter 713, Florida Statutes (2001), and that all notice requirements had been met. In addition, the parties agreed that the lien accurately stated the value of the labor, services and materials provided by Gale, subject only to the Trytek counterclaim. An agreed order was rendered that established that Gale's lien was procedurally sufficient; that no evidence would be necessary at trial on that issue; and that Gale Industries was entitled to recover the amount stated in the lien, less any damages proved by Mr. and Mrs. Trytek; and that the only issue to be resolved at trial was the value of the damages alleged in the counterclaim.
Following a nonjury trial, the trial court entered an order determining that the Tryteks were entitled to repair costs of $11,200. After setting off that figure against the agreed lien amount of $12,725, the net result was a judgment for $1,525 in favor of Gale Industries.
Thereafter, each party concluded that it was the "prevailing party" and filed cross-motions to tax attorneys' fees and costs pursuant to section 713.29, Florida Statutes (2005). After a hearing on the motions the trial court, while expressing some concern over this court's position on the definition of prevailing party in the construction lien context, determined that it was required to apply the "significant issues" test set forth in Prosperi v. Code, Inc., 626 So.2d 1360 (Fla.1993), in order to award fees and costs properly. The court then found that the Tryteks were the prevailing party because the only real issue in the case was how much money should be set off against the Gale Industries lien, and the Tryteks primarily prevailed on their counterclaim. The court then awarded attorneys' fees of $55,982.00 and costs of $4,016.67 in favor of Mr. and Mrs. Trytek. Gale appeals.
*807 Section 713.29, Florida Statutes, which concerns attorneys' fees in construction lien cases, states that:
[I]n any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of the prevailing party's costs, as allowed in equitable actions.
Historically, a contractor or subcontractor who recovered a judgment pursuant to a construction lien, even if it recovered less than the amount sought, would be entitled to attorney's fees as long as they recovered something. See K & M Elec. Supply, Inc. v. Moduplex Corp., 686 So.2d 717, 718 (Fla. 4th DCA 1997). That is to say, if the contractor obtained any monetary judgment pursuant to a Chapter 713 action, it would ordinarily be considered the prevailing party.
Fifteen years ago, however, the Florida Supreme Court determined in Moritz v. Hoyt Enterprises, 604 So.2d 807 (Fla. 1992), in a breach of contract context that the methodology to be used in deciding which party prevailed and was, therefore, entitled to receive an award of attorneys' fees, was the "significant issues" test. Using that test, the trial court is required to decide "which party has in fact prevailed on the significant issues tried before the court." Id. at 810.
Not long thereafter the high court addressed the effect of Moritz on the prevailing party language of section 713.29. In Prosperi, the case thoroughly considered by the trial court, the supreme court focused on this issue. There, a contractor filed a four-count complaint against the owner seeking damages for: (1) foreclosure of a mechanic's lien; (2) breach of contract; (3) quantum meruit; and (4) accounts stated. The owner counterclaimed for breach of contract based upon the filing by the contractor of untrue affidavits, the failure of the contractor to account, and the contractor's incomplete or negligent performance of the contract. Of critical importance for purposes of our analysis, however, is the fact that the trial court in Prosperi declined to grant relief on the claim for the construction lien because the contractor had submitted false interim affidavits. Instead, the trial court held that the contract was breached originally by the contractor because of its filing of false affidavits and because it inaccurately accounted to the owner. The end result was that the trial court found that $31,898.01 remained unpaid under the contract, but that the owner was entitled to a set-off of $14,588.95 for the cost of completion of the contract, for damages resulting from certain construction defects, and for other expenses incurred by the owner. The other two claims based on quantum meruit and accounts stated were then apparently disposed of without liability. The trial court then denied both the contractor's claim and the owner's claim for attorneys' fees. The owner appealed the denial of attorneys' fees, but the district court of appeal affirmed. The question of whether either party was entitled to attorneys' fees, however, was certified to the Florida Supreme Court.
Our Supreme Court began its analysis by discussing the "net judgment" rule. It indicated that:
[T]he net judgment rule comes into play when the claimant fails to foreclose a mechanic's lien but obtains a judgment for the underlying claim which exceeds any claim of the owner. As applied, the rule automatically precludes the owner from recovering attorney's fees under section 713.29. It has no relevance to an *808 award of attorney's fees to the claimant because an unsuccessful lien claimant cannot recover attorney's fees under section 713.29.
[Emphasis supplied]. See Prosperi, 626 So.2d at n. 1. The court, in light of Moritz, then held that the fact that a claimant recovers a net judgment is a significant, but not necessarily controlling factor in determining who is to be considered to be the prevailing party, and that the trial judge must have the flexibility to consider the equities in determining who prevailed on the significant issues. Thus, under Prosperi the party that prevails on the significant issues is entitled to attorneys' fees.
It appears to us, however, that Prosperi only applies to net judgment cases. The specific definition of a net judgment case, as set forth by the supreme court, is one in which the claimant of a construction lien fails to recover a positive judgment on the lien. Inasmuch as Gale Industries actually recovered a positive judgment in its lien foreclosure action, the case before us does not meet the definition of a net judgment case. Thus, because Gale Industries recovered a judgment on its lien, albeit a much smaller judgment than it was originally seeking,[1] we must look to other precedent for guidance.
As we noted earlier, in cases where a claimant in a construction lien action actually recovers a judgment on that claim, the claimant has traditionally been deemed to be the prevailing party and, accordingly, entitled to attorney's fees pursuant to statute, even if the claimant recovers only a nominal amount. See DCC Constructors, Inc. v. Yacht Club Southeastern, Inc., 839 So.2d 731 (Fla. 3d DCA 2003); Kenmark Constr., Inc. v. Cronin, 765 So.2d 129 (Fla. 2d DCA 2000); Salisbury Constr. Corp. v. Mitchell, 491 So.2d 308 (Fla. 4th DCA 1986); Hub Cap Heaven, Inc. v. Goodman, 431 So.2d 323 (Fla. 3d DCA 1983). See also Peter Marich & Assocs., Inc. v. Powell, 365 So.2d 754 (Fla. 2d DCA 1978) (prevailing party is one in whose favor an affirmative judgment is rendered even though the judgment is for less than initially sought in the complaint). Nothing in Prosperi appears to compel a different result.
This court has addressed the fees issue twice in the recent past. In Corley v. Rivertown, Inc., 863 So.2d 1244 (Fla. 5th DCA 2004), we held that the lienholder was the prevailing party because it recovered on the lien that it sought to enforce against the owners. We noted that the "construction lien was the significant issue tried before the trial court." Id., at 1246. Similarly, in Michael David Ivey, Inc. v. Salazar, 903 So.2d 329 (Fla. 5th DCA 2005), we considered another case in which the contractor prevailed in its claim under a construction lien, and the owner was successful on a counterclaim and was awarded a set-off against the lien. The trial court found that each party prevailed against the other and would bear their own attorney's fees and costs. The bottom line was, however, that the contractor had a positive recovery on the lien. As a result, we reversed and remanded for imposition of fees in favor of the contractor. While the trial judge may have had some justifiable concerns in reading these cases regarding whether Prosperi applies to successfully prosecuted construction lien foreclosure cases, they are both entirely consistent with the result announced here.
*809 In summary, we continue to adhere to the rule that mandates an award of attorneys' fees in favor of a lienor if it is successful in recovering damages in excess of any asserted counterclaim damages in a lien foreclosure action. In cases of this variety, the lienor is the prevailing party for purposes of section 713.29. Prosperi and the "significant issues" test would only apply in cases where the lien foreclosure action is dismissed, discharged, or otherwise denied by the trial court.
Accordingly, we reverse the award of attorneys' fees and costs in favor of the Tryteks, and remand for imposition of a fees and cost award in favor of Gale.[2]
REVERSED and REMANDED with instructions.
EVANDER, J., and ORFINGER, M., Senior Judge concur.

ON MOTION FOR REHEARING AND FOR CERTIFICATION
PER CURIAM.
The appellees, Frank J. Trytek and Cathy L. Trytek, have moved for rehearing and for certification of a question of great public importance. Although we deny the motion for rehearing, we do certify the following question upon which we passed in accordance with rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, as one of great public importance:
When a lienor obtains a judgment against a property owner in an action to enforce a construction lien brought pursuant to section 713.29, Florida Statutes (2005), does the trial court have the discretion to apply the "significant issues" test articulated in Prosperi v. Code, Inc., 626 So.2d 1360 (Fla.1993), instead of the net judgment rule in determining which party is the "prevailing party" for the purpose of awarding attorney's fees?
MONACO, EVANDER, JJ., and ORFINGER, M., Senior Judge concur.
NOTES
[1] We point out, as well, that the Tryteks recovered significantly less on their counterclaim than they sought.
[2] We note that no proposal for settlement or offer of judgment was made by the Tryteks in the trial court. See Fla. R. Civ. P. 1.442.; Fla. Stat. 768.79 (2005).