PARIENTE, J.
 

 In
 
 Gale Industries, Inc. v. Trytek,
 
 960 So.2d 805 (Fla. 5th DCA 2007), the Fifth Disti’ict Court of Appeal ruled on statutory attorneys’ fees in construction lien actions and certified a question of great public importance. We thérefore have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const. We rephrase the certified question as follows:
 

 Where a lienor obtains a judgment against a property owner in an action to enforce a construction lien brought pursuant to section 718.29, Florida Statutes (2005), are trial courts required to apply the “significant issues” test articulated in
 
 Prosperi v. Code, Inc.,
 
 626 So.2d 1360 (Fla.1993), in determining which party,
 
 if any,
 
 is the “prevailing party” for the purpose of awarding attorneys’ fees?
 

 We answer the rephrased certified question in the affirmative and hold that trial courts are required to apply the “significant issues” test of
 
 Prosperi
 
 to evaluate entitlement to prevailing party attorneys’ fees under section 713.29, even when the lienor obtains a judgment on the lien.
 
 [1]
 
 We conclude that this Court has consistently approached the award of attorneys’ fees in lien actions as being “tempered by equitable principles.”
 
 Prosperi,
 
 626 So.2d at 1363. In that regard, when applying
 
 Pros-peri
 
 to the facts of a case, there is no mandatory requirement that the trial court determine that one party is the “prevailing party.” We therefore quash the Fifth District’s decision that held that the trial court is required to award the lienor “prevailing party” attorneys’ fees if the lienor recovers a judgment in any amount on the lien claim that exceeds any setoff or damages claimed by the homeowner on his or her counterclaim.
 

 FACTS AND PROCEDURAL HISTORY
 

 In this case, the petitioners, Frank J. Trytek and his wife, Cathy L. Trytek, (hereinafter referred to as either “Trytek” or “homeowner”), were building a new residence. As part of the project, they contracted with Gale Industries, an insulation contractor, to install insulation throughout the structure (hereinafter referred to as either “Gale,” “contractor,” or “lienor”). It is undisputed that “[wjhile installing the insulation, Gale’s employees inadvertently caused some staples to be driven through some previously installed electrical wires. The parties agreed that Try-Cor Electric Company, a corporation owned by Frank Trytek that was involved in electrical contracting, would make the necessary repairs.”
 
 Gale Indus.,
 
 960 So.2d at 806. According to the invoice in the record, Trytek’s cost incurred for the electrical repair work was $11,770, including a $250 building inspection fee. Trytek delivered a check to Gale for $736, which Trytek
 
 *1197
 
 determined was the amount due on the contract work after setting off the inspection fee and repair work done by his company. Gale refused to accept Trytek’s check and recorded a construction lien in the amount of $12,725, which did not include any offset for the damages it caused.
 

 This case eventually proceeded to trial. As set forth in the Fifth District’s opinion:
 

 Early in the proceedings the parties stipulated that the Gale Industries claim of lien complied procedurally with the construction lien law, Chapter 713, Florida Statutes (2001), and that all notice requirements had been met. In addition, the parties agreed that the lien accurately stated the value of the labor, services and materials provided by Gale, subject only to the Trytek counterclaim. An agreed order was rendered that established that Gale’s lien was procedurally sufficient; that no evidence would be necessary at trial on that issue; and that Gale Industries was entitled to recover the amount stated in the lien, less any damages proved by Mr. and Mrs. Trytek; and that the only issue to be resolved at trial was the value of the damages alleged in the counterclaim.
 

 Following a nonjury trial, the trial court entered an order determining that the Tryteks were entitled to repair costs of $11,200. After setting off that figure against the agreed lien amount of $12,725, the net result was a judgment for $1,525 in favor of Gale Industries.
 

 Thereafter, each party concluded that it was the “prevailing party” and filed cross-motions to tax attorneys’ fees and costs pursuant to section 713.29, Florida Statutes (2005). After a hearing on the motions the trial court, while expressing some concern over this court’s position on the definition of prevailing party in the construction lien context, determined that it was required to apply the “significant issues” test set forth in
 
 Prosperi v.Code, Inc.,
 
 626 So.2d 1360 (Fla.1993), in order to award fees and costs properly. The court then found that the Tryteks were the prevailing party because the only real issue in the case was how much money should be set off against the Gale Industries lien, and the Tryteks primarily prevailed on their counterclaim.
 

 Id.
 

 In determining that Trytek was the prevailing party, the trial court reasoned:
 

 There was never an issue about Gale performing the insulation work at the Tryteks residence nor was there ever an issue about whether Gale was entitled to payment for its work. Early in the case, there was an agreed order on Plaintiffs Motion for Partial Summary Judgment which recognized the validity and amount of Gales’ [sic] lien. The real issue in the case was how much money should be setoff from the lien amount as compensation to the Tryteks for repairing the damage done by Gale during its installation of the insulation. The Try-teks prevailed on their counterclaim to the extent of almost extinguishing the Gale lien. It was this aspect of the case that required expert testimony, document production, document analysis and trial time. The Tryteks recovered $11,200 on their counterclaim. Gale only offered a discount of from $320 to $3200. Therefore, this Court finds that the Tryteks prevailed on the “significant issue” of this case and are the prevailing parties entitled to recover attorneys’ fees and costs pursuant to § 713.29, F.S.
 

 Gale Indus., Inc. v. Trytek,
 
 No. 48-2004-CA-7549, order at 4 (Fla. Orange County Cir. Ct. Dec. 13, 2005).
 

 The parties stipulated to the amount of attorneys’ fees and costs and thus the trial court entered an order awarding attorneys’ fees of $55,982.00 and costs of
 

 
 *1198
 
 $4,016.67 in favor of the homeowner, Try-tek.
 
 [2]
 
 On appeal, the Fifth District recognized that this Court’s decisions in
 
 Moritz v. Hoyt Enterprises,
 
 604 So.2d 807 (Fla. 1992), and
 
 Prosperi v.Code, Inc.,
 
 626 So.2d 1360 (Fla.1993), modified the “prevailing party” rule by applying the “significant issues” test. However, it concluded that the “significant issues” test of
 
 Prosperi
 
 applies only where the contractor is
 
 unsuccessful
 
 in its lien foreclosure action. The Fifth District concluded that under section 713.29, a contractor who obtains any monetary judgment pursuant to a construction lien claim would ordinarily be the prevailing party, and in this case, the contractor did receive a judgment of $1,525. The Fifth District therefore reversed and remanded for assessment of an attorneys’ fees award in favor of Gale. The Fifth District also recognized that this Court’s application of the “significant issues” test in
 
 Prosperi
 
 may have changed the legal landscape for determining the prevailing party in a construction lien case and accordingly certified a question of great public importance regarding whether the “significant issues” test of
 
 Prosperi
 
 is applicable even when the contractor obtains a judgment on its lien, no matter what the amount.
 
 Gale Indus.,
 
 960 So.2d at 807-09.
 

 ANALYSIS
 

 The contractor claims that because it obtained a judgment on its lien, the contractor is entitled to receive all of its attorneys’ fees connected with the litigation. The homeowner contends that by prevailing on the only issue tried before the trial court — the counterclaim based on the contractor’s damage to the electrical wiring— the trial court’s determination of prevailing party should be affirmed. Both parties assert that one or the other must be the prevailing party.
 

 The main issue in this case is what factors enter into a determination of “prevailing party” pursuant to section 713.29. The specific issue raised by this case is whether the trial court is vested with discretion, or is even required to consider, which party prevailed on the significant issues; or whether the trial court is bound by an inflexible bright-line rule that a prevailing party must be determined and that the contractor must be considered the prevailing party if it obtains a judgment on its lien in any amount in excess of an asserted set-off or counterclaim.
 

 It is well-settled that attorneys’ fees can derive only from either a statutory basis or an agreement between the parties.
 
 State Farm Fire & Cas. Co. v. Palma,
 
 629 So.2d 830, 832 (Fla.1993). In this case, entitlement to attorneys’ fees is based on statute. We thus start with the language of the lien statute that concerns the award of attorneys’ fees in an action to enforce a lien. Section 713.29 was first enacted by the Legislature in 1963. Ch. 63-135, § 1, Laws of Fla. Section 713.29 states:
 

 In any action brought to enforce a lien or to enforce a claim against a bond under this part, the
 
 prevailing party
 
 is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court,
 
 which fee must be taxed as pari of the prevailing party’s costs, as allowed in equitable actions.
 

 (Emphases added.) Although the Legislature expressly defined several terms within the Construction Lien Law in a section
 
 *1199
 
 entitled “Definitions,” it did not define the term “prevailing party,”
 
 see
 
 § 713.01, Fla. Stat. (2005), nor does a definition appear in section 713.29.
 

 With regard to any principles of statutory construction that might be applicable, although we have generally held that attorneys’ fees statutes should be “strictly construed” because there was no common law right to attorneys’ fees,
 
 [3]
 
 in this case, that principle does not assist the Court in construing the term. Further, in 1977, the Legislature enacted section 713.37, which states that “[the Construction Lien Law] shall not be subject to a rule of liberal construction in favor of any person to whom it applies.” Therefore, jurisprudence that has relied on the principle that the lien laws favor the contractor or laborer has no direct application when determining which party is entitled to prevailing party attorneys’ fees.
 
 [4]
 

 Because our rephrased certified question asks whether the “significant issues” test of
 
 Prosperi
 
 applies where a lienor has obtained a judgment on his or her lien claim, we turn to this Court’s precedent regarding lien actions and also jurisprudence regarding “prevailing party” attorneys’ fees. First, with regard to the purpose of the construction lien statute, we have stated:
 

 [W]e note that mechanic’s lien law selves at least two purposes. First, mechanic’s liens protect suppliers who furnish labor or materials to the property by assuring them of full payment.
 
 Prosperi v.Code, Inc.,
 
 626 So.2d 1360, 1362 (Fla.1993) (citing
 
 Emery v. International Glass & Mfg., Inc.,
 
 249 So.2d 496, 500 (Fla. 2d DCA 1971)). Mechanic’s lien law also protects owners by requiring subcontractors to provide notice of possible liens, thereby allowing owners to prevent double payment to both a contractor and subcontractor, material supplier, or laborer, for provision of the same services or materials when the contractor and subcontractor are not in privity. Aetna [Cas.
 
 and Sur. Co. v. Buck],
 
 594 So.2d [280] at 281 [(Fla. 1992) ].
 

 Stunkel v. Gazebo Landscaping Design, Inc.,
 
 660 So.2d 623, 626 (Fla.1995). The dual purpose of the lien law in protecting both the laborer and owner seems to evidence a legislative intent to emphasize fairness and equity in actions brought pursuant to the lien law.
 

 The notion that equitable principles should apply in determining “prevailing party” attorneys’ fees has been utilized in this Court’s opinions deciding attorneys’ fees in the context of section 713.29. For
 
 *1200
 
 example, in
 
 C.U. Associates, Inc. v. R.B. Grove, Inc.,
 
 472 So.2d 1177 (Fla.1985), the Court examined a case in which a litigant had offered an amount to settle that was equal to the amount recovered. This Court found that “in order to be a prevailing party entitled to the award of attorney’s fees pursuant to section 713.29, a litigant must have recovered an amount exceeding that which was earlier offered in settlement of the claim.”
 
 Id.
 
 at 1179. This Court explained that it based its decision on the purported policy underlying section 713.29:
 

 The award of attorney’s fees and costs to the prevailing party in a mechanic’s lien action serves to encourage settlement of disputes before resorting to litigation. Forcing the loser to bear the costs and fees of producing the opponent’s victory engenders a more realistic appraisal of the merits of the claim and discourages dilatory or obstructive tactics.
 
 If the statute were to apply as the Third District construes it, however, the burden of fair dealing and good-faith negotiation would lie only upon the defendant. To award attorneys fees and costs when any judgment is won, without reference to earlier, bona-fide good faith offers to settle the claim, allows the plaintiff a free throw of the dice in an attempt to squeeze the last penny out of the claim.
 

 id at 1178-79 (emphasis added). Our decision in
 
 C.U. Associates
 
 explicitly stands for the proposition that the underlying policy of section 713.29 is to “encourage settlement of disputes before resorting to litigation.” However, the case also implicitly espouses equitable principles by preventing a plaintiff who has recovered a judgment from unjustly being awarded attorneys’ fees after rejecting a good faith offer from the defendant that exceeded the amount of the judgment.
 

 Subsequently, this Court decided
 
 Prospen,
 
 which is also based on basic principles of fairness and an interest in discouraging needless litigation. The rule of
 
 Prospen
 
 is that in determining “prevailing party” under section 713.29, the trial court should look to which party prevailed on the “significant issues,” as recognized in our case of
 
 Moritz
 
 that had been decided the previous year.
 
 Prospen,
 
 626 So.2d at 1363.
 
 [5]
 
 Together,
 
 Prospen
 
 and its predecessor
 
 Moritz
 
 require that the trial court’s determination of a prevailing party rest on whether the party “succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.”
 
 Moritz,
 
 604 So.2d at 809-10 (quoting
 
 Hensley,
 
 461 U.S. at 433, 103 S.Ct. 1933).
 

 In
 
 Prospen,
 
 the contractor brought an action to foreclose a lien claim, among other claims.
 
 [6]
 
 The trial court denied relief
 
 *1201
 
 on the lien claim and awarded damages on the homeowner’s breach of contract counterclaim. However, the trial court also found that the homeowner’s setoff from the counterclaim was less than the amount owed to the contractor under the contract. Therefore, the contractor received a judgment on its contract claim but did not prevail on the lien claim. The trial court denied both parties’ claims for fees, and on appeal the district court af&med, certifying the following question: “Does the test of
 
 Moritz v. Hoyt
 
 for determining who is the prevailing party for the purposes of awarding attorney’s fees apply to fees awarded under section 713.29, Florida Statutes?” 626 So.2d at 1361.
 
 [7]
 

 In concluding that the “significant issues” test adopted in
 
 Moritz
 
 was applicable to claims under section 713.29, this Court discussed what appellate courts had termed the “net judgment rule,” which in essence precluded an owner from recovering attorneys’ fees under section 713.29 where a claimant fails to foreclose a mechanic’s lien but obtains a judgment on other non-lien claims that exceeds any claim of the owner.
 
 Prosperi,
 
 626 So.2d at 1362 n. 1. While giving deference to the long line of appellate precedent, this Court ultimately held that, in light of
 
 Moritz,
 
 the fact that a claimant recovers a net judgment is significant but does not necessarily control the determination of the “prevailing party,” and the trial court must have flexibility to consider the equities and determine which party prevailed on the significant issues. 626 So.2d at 1363. Significantly, as applied to the case, the Court observed:
 

 As we see it, the net judgment rule itself was originated as a device to do equity.
 
 [8]
 
 For example, under most circumstances it would be unfair to require a contractor who recovers the bulk of its claim to pay attorney’s fees for failure to meet the technical requirements of the mechanic’s lien law. In some of the later cases, however, the net judgment rule appears to have been applied mechanically without regard to the equities. We believe that
 
 Moritz
 
 now requires a more flexible application. The fact that the claimant obtains a net judgment is a significant factor but it need not always control the determination of who should be considered the prevailing party. We hold that in considering whether to apply the net judgment rule, the trial judge must have the discretion to consider the equities and determine which party has in fact prevailed on the significant issues.
 

 In the instant case, the findings of the trial judge make it clear that he believed that the owner was the innocent party but felt constrained not to award him attorney’s fees under a strict application of the net judgment rule. Under the net judgment rule as tempered by equitable principles according to the rationale of our opinion, it is equally clear
 
 *1202
 
 that the trial judge would have found the owner to be the prevailing party. Therefore, we quash the decision below and remand with directions that attorney’s fees be awarded to the owner. We quash the order awarding the contractor appellate attorney’s fees and direct that appellate attorney’s fees also be awarded to the owner.
 

 Id.
 

 While
 
 Prosperi
 
 dealt with a contractor that did not prevail on its lien action, we do not read
 
 Prosperi
 
 and our precedent so narrowly. The reasoning supporting the decision in
 
 Prosperi
 
 to replace the “net judgment rule” with the “significant issues” test conveys this Court’s preference for a flexible rule that will achieve an equitable result with respect to the determination of the “prevailing party,” irrespective of which party recovers a judgment on the lien claim. Although the fact that a contractor has obtained a “net judgment” on its lien is certainly a factor to be considered, it is not determinative of whether that party is the “prevailing party” for purposes of entitlement to attorneys’ fees.
 
 [9]
 
 The application of an inflexible bright-line rule that a judgment in any amount on the lien claim mandates “prevailing party” attorneys’ fees disregards the fact that a claim of lien under section 713.08, Florida Statutes (2005), requires that the “contract price” or the “value” of the “labor, services or materials furnished,” and the “amount unpaid” be part of the “claim of lien.” §§ 713.08(l)(c),(g), 713.08(3), Fla. Stat. (2005). This also comports with the well-established principle that a “judgment on a construction lien requires a determination of substantial performance, not strict performance.”
 
 Kenmark Constr., Inc. v. Cronin,
 
 765 So.2d 129, 130 (Fla. 2d DCA 2000) (citing
 
 Poranski v. Millings,
 
 82 So.2d 675, 678 (Fla.1955)).
 

 We conclude that the equitable analysis of
 
 Prosperi
 
 is equally applicable in this case and consistent with our jurisprudential approach favoring a flexible rule in determining which party is the prevailing party. That approach also encompasses the view that entitlement to attorneys’ fees should be consistent with encouraging settlement of disputes. We thus determine that the “significant issues” test used in
 
 Prosperi
 
 is also applicable in cases where the contractor has foreclosed on its lien against the owner.
 

 THIS CASE
 

 The trial court correctly utilized
 
 Prosperi
 
 in determining that the contractor was not the prevailing party. In finding that Trytek was the prevailing party, the trial court emphasized that the focus of the litigation was on the amount of damage caused by the contractor’s actions, which was the subject of the homeowner’s counterclaim.
 
 [10]
 
 The trial court also noted that
 
 *1203
 
 Trytek had “tried to negotiate a setoff with Gale” before the lien action was filed and that during litigation, “Gale only offered a discount of from $320 to $3200.”
 
 [11]
 
 Thus, we agree that under
 
 Prosperi
 
 Gale is not the prevailing party in this litigation. However, we are uncertain of whether there was in fact a “prevailing party” in this case. The trial court in its order observed that it would prefer “a result where each party would bear its own fees and costs,” but felt constrained to declare one side the “prevailing party.” Even in this Court, both parties advance an all-or-nothing approach, with each claiming to be the “prevailing party” entitled to all of its attorneys’ fees.
 

 In this case, because both parties stipulated to the
 
 amount
 
 of fees after Trytek was determined to be the prevailing party, the trial court entered an attorneys’ fees judgment of $55,982.00 in favor of Trytek. Presumably, if the Fifth District opinion is upheld, Gale would receive an attorneys’ fee judgment of approximately $41,-882.50 — the amount it asserted in its affidavit of attorneys’ fees and time, even though it lost on the only issue litigated and received a judgment on its recorded lien of $12,725 in the amount of only $1,525. We are concerned that fees may
 

 have driven the litigation and prevented the parties from resolving the case.
 

 The overall purpose of section 713.29 and attorneys’ fee statutes in general is to discourage rather than encourage needless litigation. Consistent with this purpose, we conclude that a trial court has the discretion to make a determination that neither party has prevailed on the significant issues in litigation after a thorough examination of all the factors, including the issues litigated, the amount of the claim of lien versus the amount recovered on the lien, the existence of setoffs and counterclaims by the homeowner, and the amounts offered by either party to resolve the issues prior to the litigation, assuming that those negotiations were not otherwise confidential either by agreement or statute.
 
 See, e.g.,
 
 § 44.405(1), Fla. Stat. (2008) (“Except as provided in this section, all mediation communications shall be confidential. A mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant’s counsel.”).
 

 Our conclusion is consistent with our precedent and section 713.29. Certainly the possibility that neither party is a “prevailing party” is consistent with an application of the “significant issues” test of
 
 Moritz
 
 and
 
 Prosperi.
 

 [12]
 

 Moreover, this
 
 *1204
 
 conclusion is consistent with our decision in
 
 C. U. Associates,
 
 where we held that on remand the trial court could find that neither party was the “prevailing party" entitled to an award of attorneys’ fees. 472 So.2d at 1179. Finally, our decision does not conflict with section 713.29, which requires only that the “prevailing party is entitled to recover” a reasonable attorneys’ fee.
 
 [13]
 

 CONCLUSION
 

 We answer the rephrased certified question in the affirmative and conclude that the “significant issues” test of
 
 Prosperi
 
 applies to determine the issue of “prevailing party.” We thus quash the decision of the Fifth District and direct that this case be remanded to the trial court to reconsider the issue of attorneys’ fees consistent with this opinion.
 

 It is so ordered.
 

 QUINCE, C.J., and WELLS, LEWIS, and CANADY, JJ., concur.
 

 POLSTON and LABARGA, JJ., did not participate.
 

 [1]
 

 . The question that was certified by the Fifth District states:
 

 When a lienor obtains a judgment against a property owner in an action to enforce a construction lien brought pursuant to section 713.29, Florida Statutes (2005), does the trial court have the discretion to apply the "significant issues” test articulated in
 
 Prosperi v. Code, Inc.,
 
 626 So.2d 1360 (Fla. 1993), instead of the net judgment rule in determining which party is the "prevailing party” for the purpose of awarding attorney's fees?
 

 Gale Indus.,
 
 960 So.2d at 809.
 

 [2]
 

 . The net final judgment entered in favor of the Tryteks was $57,728.39, representing $55,982.00 in attorneys’ fees and $4,016.67 in costs totaling $59,998.67 offset by $2,270.28, which represented the principal amount awarded to Gale on its lien plus statutory interest.
 

 [3]
 

 . At common law, each party was required to pay its own attorneys' fees in all actions and therefore we have generally adhered to the principle that statutes awarding attorneys’ fees should be strictly construed.
 
 See Willis Shaw Express, Inc. v. Hilyer Sod, Inc.,
 
 849 So.2d 276, 278 (Fla.2003).
 

 [4]
 

 . Before section 713.37 was enacted, our case law emphasized the Construction Lien Law’s purpose of protecting the laborer.
 
 See United States v. Griffin-Moore Lumber Co.,
 
 62 So.2d 589, 590 (Fla.1953) (’’[T]he labor and material results in the unjust enrichment of the land owner if the laborer or the materialman is not given priority in the enforcement of his lien claim.”) (citing
 
 Robert L. Weed, Architect, Inc.
 
 v.
 
 Horning,
 
 159 Fla. 847, 33 So.2d 648, 651 (1947) ("Lien laws ... were designed to protect laborers and materialmen and should be liberally construed to accomplish that purpose.”)). However, in spite of this liberal construction in favor of the laborer, this Court still emphasized that the protection to the contractor or laborer must be “compatible with justice and equity.”
 
 Crane Co. v. Fine,
 
 221 So.2d 145, 152 (Fla.1969) (“It is our duty to construe this statute liberally ‘so as to afford the laborers and materialmen the greatest protection compatible with justice and equity.' ”) (quoting
 
 Hendry Lumber Co. v. Btyant,
 
 138 Fla. 485, 189 So. 710, 712 (1939)).
 

 [5]
 

 .
 
 Moritz,
 
 a breach of contract action, adopted the "significant issues” test from the United States Supreme Court's decision
 
 Hensley v. Eckerhart,
 
 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
 
 Moritz,
 
 604 So.2d at 809-10. The
 
 Hensley
 
 decision involved the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, which provided that in federal civil rights actions "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney’s fee as part of the costs.” 461 U.S. at 426, 103 S.Ct. 1933. Therefore, although
 
 Moritz
 
 was a breach of contract action and
 
 Hensley
 
 involved statutory attorneys' fees under a civil rights action, the "significant issues” test provided a flexible approach to prevailing party attorneys’ fees in both statutory and contractual actions.
 

 [6]
 

 . The contractor filed a four-count complaint seeking (1) foreclosure of a mechanic's lien; (2) damages for breach of contract; (3) quantum meruit; and (4) account stated. 626 So.2d at 1361. The owner counterclaimed for breach of contract based on the contractor's actions of filing untrue affidavits, failure to account, and negligent performance of the contract.
 
 Id.
 

 [7]
 

 . The district court also certified the following question:
 

 Is an owner who prevails on a complaint by a contractor or sub-contractor to enforce a mechanic's lien under Part I, Chapter 713, Florida Statutes (1989), entitled to attorney's fees under 713.29, even though, in the same suit, the contractor prevailed against the owner on a claim for money damages for breach of the contract, both claims arising out of the same transaction?
 

 Prosperi,
 
 626 So.2d at 1361. However, the Court was unable to give an unqualified affirmative or negative answer to this question.
 
 Id.
 
 at 1363.
 

 [8]
 

 8. We are aware of the inherent confusion in the use of "net judgment,” which the appellate courts have used to describe a situation where a homeowner defeats a lien but the contractor obtains a judgment under other causes of action such as contract or equity. In other contexts, the use of the term "net judgment" may be synonymous with "affirmative judgment,” referring to any party who obtains a judgment in its favor.
 

 [9]
 

 . We acknowledge that our prior decisions have stated that " '[pjrevailing party' has previously been construed to mean the ‘one in whose favor an affirmative judgment is rendered.' "
 
 See Mainlands Constr. Co. v. Wen-Dic Constr. Co.,
 
 482 So.2d 1369, 1370 (Fla. 1986) (quoting
 
 Peter Marich & Assocs., Inc. v. Powell
 
 365 So.2d 754, 756 (Fla. 2d DCA 1978)). However, this decision was rendered before this Court adopted the "significant issues” test in
 
 Moritz
 
 and then decided
 
 Prosperi.
 
 Moreover, the
 
 Mainlands
 
 Court did not apply ordinary principles of statutory construction to construe the term "prevailing party," but only relied on the definition set forth in
 
 Ma-rich,
 
 which itself relied on other district court decisions.
 

 [10]
 

 . Trytek's breach of contract counterclaim is a compulsory counterclaim because both the lien claim and the breach of contract counterclaim arose from the same transaction or occurrence.
 
 See
 
 Fla. R. Civ. P. 1.170(a). Thus, although section 713.29 applies only to lien claims, Trytek’s judgment on its counterclaim could be considered in the trial court’s determination of the prevailing party because the counterclaim is considered as part of the
 
 *1203
 
 lien claim.
 
 See Orix Capital Markets, LLC v. Park Avenue Assoc., Ltd.,
 
 881 So.2d 646, 650 (Fla. 1st DCA 2004) (“If compulsory ... the counterclaim cannot, in our judgment, be considered a claim independent from the suit in mortgage foreclosure.”).
 

 [11]
 

 . The details of any other ongoing negotiations do not appear in the record, nor does the offer of judgment filed by Gale, which was not accepted.
 
 See
 
 Fla. R. Civ. P. 1.442(f) ("Evidence of a proposal or acceptance thereof is admissible only in proceedings to enforce an accepted proposal or to determine the imposition of sanctions.”). Although neither party objects to making the offer of judgment part of the record, as in all cases, we do not supplement the record with facts not in either the trial or appellate record.
 

 [12]
 

 . Appellate courts have upheld decisions where the trial court found no prevailing party under the “significant issues” test in breach of contract litigation.
 
 See Brevard County Fair Ass’n v. Cocoa Expo, Inc.,
 
 832 So.2d 147, 151 (Fla. 5th DCA 2002) (where both parties prevail on significant issues, the trial judge has the discretion to determine neither party prevailed);
 
 Hutchinson v. Hutchinson,
 
 687 So.2d 912, 913 (Fla. 4th DCA 1997) (recognizing that there can be "compelling circumstances” in which a trial court can determine that neither party prevailed in a contract case);
 
 KCIN, Inc. v. Canpro Investments, Ltd.,
 
 675 So.2d 222, 223 (Fla. 2d DCA 1996) (“A rule which requires an award of prevailing party attorney's fees in all cases may result in an unjust reward to a party whose conduct caused the failure of the
 
 *1204
 
 contract.... [A]n attorney's fee award is not required each time there is litigation involving a contract providing for prevailing party fees.").
 

 [13]
 

 . We do not construe any of the appellate cases concerning prevailing party attorneys’ fees to mandate that there be a prevailing party, only that where a "prevailing party” is determined, the entitlement to attorneys’ fees is mandatory.
 
 See Pennington & Assocs., Inc. v. Evans,
 
 932 So.2d 1253, 1254 (Fla. 5th DCA 2006);
 
 Hollub Constr. Co. v. Narula,
 
 704 So.2d 689, 690 (Fla. 3d DCA 1997);
 
 Grant v. Wester,
 
 679 So.2d 1301, 1308 (Fla. 1st DCA 1996);
 
 Sanfilippo v. Larry Giacin Tile Co.,
 
 390 So.2d 413, 414 (Fla. 4th DCA 1980). We reject the notion that in every construction lien case the trial court is compelled to find a prevailing party.
 
 See Kenmark Constr., Inc. v. Cronin,
 
 765 So.2d 129 (Fla. 2d DCA 2000) (declining to announce a bright-line rule that a trial court must find a prevailing party in eveiy construction lien action).