ORFINGER, C.J.
GMPF Framing, LLC appeals a final judgment that determined Villages at Lake Lily Associates, LLC was entitled to an award of attorney’s fees pursuant to section 713.29, Florida Statutes (2010). On appeal, GMPF argues that the trial court’s order was premature because significant issues remained pending in the lawsuit. We agree and reverse.
GMPF filed a claim of lien against property owned by Villages. The trial court discharged the claim of lien, but additional claims for the imposition of an equitable lien and unjust enrichment remained pending. Nonetheless, Villages filed its motion for entry of a final judgment of attorney’s fees and costs pursuant to section 713.29. After an evidentiary hearing, the trial court determined that Villages was entitled to recover attorney’s fees and costs as the prevailing party under section 713.29 and entered a final judgment of attorney’s fees and costs in the amount of $44,429.50.
Generally, attorney’s fees are not awarded unless authorized by statute or contract. Trytek v. Gale Indus., Inc., 3 So.3d 1194, 1198 (Fla.2009); State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla.1993). Here, Villages sought attorney’s fees and costs pursuant to section 713.29, which provides for an award of attorney fees to a prevailing party in a lien claim. However, under section 713.29, the prevailing party is not necessarily the party who recovers a net judgment. Instead, the prevailing party in a lien suit is that *245 party that has prevailed on “significant issues” in the case. Thus, in evaluating entitlement to prevailing party fees under section 718.29, the trial court must apply the “significant issues test” set forth in Prosperi v. Code, Inc., 626 So.2d 1860 (Fla.1993). Trytek, 3 So.3d at 1196. A measure of the test is the result obtained at the close of the case. Sorrentino v. River Run Condo. Ass’n, 925 So.2d 1060, 1065 (Fla. 5th DCA 2006); Granoff v. Seidle, 915 So.2d 674, 677 (Fla. 5th DCA 2005).
Construction cases often involve complex factual determinations and multiple theories of recovery. Although section 713.29 applies only to lien claims, GMPF still had pending claims for quantum me-ruit and equitable lien against Villages that should have been considered in the court’s determination of the prevailing party because these claims involved the same transaction. See Fla. R. Civ. P. 1.170; see also Trytek, 3 So.3d at 1203 n. 10 (noting that homeowners’ breach of contract counterclaim was compulsory counterclaim because both lien claim and breach of contract counterclaim arose from same transaction, and therefore, while section 713.29 applies only to lien claims, homeowners’ judgment on counterclaim could be considered in trial court’s determination of prevailing party). For example, where an owner successfully defends a mechanic’s lien foreclosure, but is held liable in damages for breach of contract, the owner is not the prevailing party and is not entitled to recover attorney’s fees under section 713.29. Gen. Dev. Corp. v. John H. Gossett Constr. Co., 370 So.2d 380, 381 (Fla. 2d DCA 1979); First Atl. Bldg. Corp. v. Neubauer Constr. Co., 352 So.2d 103, 105 (Fla. 4th DCA 1977); Emery v. Int’l Glass & Mfg. Inc., 249 So.2d 496, 499-500 (Fla. 2d DCA 1971).
Since significant counts remain in the instant lawsuit, it is impossible to determine the substantially prevailing party until the pending counts are resolved. “[I]t was obviously not the intent of the legislature to award attorneys’ fees to a defendant in a mechanics’ lien foreclosure merely because he successfully defends against the impression of a lien yet is nevertheless found liable in damages, in the same case, for labor and/or materials furnished for his benefit.” Heindel v. Southside Chrysler-Plymouth, Inc., 476 So.2d 266, 270 (Fla. 1st DCA 1985). It is possible that, even if GMPF prevails on the remaining counts, Villages may ultimately be determined to be the substantially prevailing party.[1] However, that determination should be made at the conclusion of the case.
REVERSED AND REMANDED.
PALMER and JACOBUS, JJ., concur.

. Because GMPF failed in its statutory lien claim, it would not be entitled to an award of attorney’s fees under section 713.29. See Emery, 249 So.2d at 500.