Taylor, J.
The homeowner, Scott Newman, appeals an amended final judgment in favor of a general contractor. He argues that the trial court reversibly erred in denying his motion for attorney’s fees and costs incurred in obtaining the discharge of a fraudulent lien placed on his property by the contractor. The trial court denied the homeowner’s motion for fees and costs after determining that the contractor was the prevailing party on the significant issues in the litigation.
The contractor, Sony Construction, cross-appeals the trial court’s order discharging its lien as fraudulent and order denying its request for attorney’s fees. We have consolidated the homeowner’s appeal of the final judgment on costs with this appeal. We affirm on all issues in the main and cross-appeal.
This case arises out of a dispute between the homeowner and general contractor. The contractor was hired to construct an addition and outdoor kitchen to a home that the homeowner purchased from the contractor’s principal, Leonardo Guerra, and Mr. Guerra’s girlfriend. The parties entered into the contract for construction of the addition and outdoor kitchen in March 2008.
The contractor worked on the addition for several months, but stopped work on December 18, 2008, due to the homeowner’s failure to pay. On December 29, 2008, the contractor recorded a Claim of Lien against the'property in the amount of $133,645,60. After retaining counsel, the contractor recorded a Partial Release of Lien, reducing the amount of its Claim of Lien to $99,444.18.
The contractor filed suit against the homeowner, asserting claims for foreclosure of the construction lien, breach of contract, and quantum meruit. The contractor sought to recover a judgment for the unpaid amount of $99,444.18.
The homeowner answered the complaint and raised counterclaims against the contractor for fraudulent lien and breach of contract. The parties agreed to a bifurcated proceeding whereby the trial court would first determine whether the contractor’s lien was fraudulent before holding a trial on the remaining issues.
Following an evidentiary hearing, the trial court entered an order striking the lien as fraudulent. The court found that many of the charges used to support the lien were not lienable. Overall, the court concluded that the contractor’s claim of lien “was compiled with such willful and gross negligence that it amounted to a willful exaggeration and should be deemed a fraudulent lien under Fla. Stat. § 713.31.” The court discharged the lien, but reserved jurisdiction on the issue of the award of attorney’s fees and costs, noting that other issues remained to be determined by the court.
Several months after the court discharged the contractor’s lien as fraudulent, the court held a bench trial on the contractor’s claims for breach of contract and quantum meruit. After trial, the court entered a net final judgment for the contractor in the amount of $58,985.58. The court later issued an amended final judgment in the amount of $81,641.08, which included pre-judgment interest.
Both sides sought an award of attorney’s fees and costs. The homeowner sought an award of attorney’s fees and costs pursuant to section 713.31, Florida Statutes (2008), arguing that he was the prevailing party in the fraudulent lien action. However, the trial court denied the homeowner’s *317 motion, finding that the contractor prevailed on the significant issues in the case.
The contractor also moved for attorney’s fees and costs. The contractor’s request for attorney’s fees was based upon a proposal for settlement. The trial court denied the contractor’s request for attorney’s fees, ruling that the proposal for settlement was untimely and ambiguous. However, the trial court awarded the contractor $9,985.98 in costs.

The Homeovmer’s Appeal

On appeal, the homeowner argues that the trial court reversibly erred in denying his motion for attorney’s fees and costs incurred from obtaining the discharge of the contractor’s fraudulent lien. He contends that where a party seeks attorney’s fees and costs as damages pursuant to section 713.31 (2)(c), the “significant issues” test does not apply. He argues that, because the trial court discharged the contractor’s lien as fraudulent, he was entitled to an award of his attorney’s fees and costs as damages under section 713.31(2)(c), regardless of the fact that the contractor prevailed on the remaining counts for breach of contract and quantum meruit.
The contractor counters that the trial court properly denied the homeowner’s request for attorney’s fees under section 713.31(2)(c), because the trial court ruled that the contractor was the prevailing party under the “significant issues” test. The contractor argues that section 713.31 (2)(c) allows an owner to recover attorney’s fees only if the lienor who filed the fraudulent lien is not the prevailing party. Noting that the Florida Supreme Court has applied the “significant issues” test to statutory construction lien matters under section 713.29, the contractor contends that the “significant issues” test also applies to section 713.31.
“A party’s entitlement to an award of attorneys’ fees under a statute or a procedural rule is a legal question subject to de novo review.” Nathanson v. Morelli, 169 So.3d 259, 260 (Fla. 4th DCA 2015).
“[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney’s fees.” Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla. 1992). Although Moritz was a common law breach of contract action, the Florida Supreme Court later held that the “significant issues” test of Moritz applies in determining which party, if any, is the prevailing party entitled to an award of fees in construction lien actions brought under section 713.29, Florida Statutes. Trytek v. Gale Indus., Inc., 3 So.3d 1194, 1196 (Fla. 2009); Prosperi v. Code, Inc., 626 So.2d 1360, 1363 (Fla. 1993).
The Florida Supreme Court recognized the equitable nature of attorney’s fees awards under section 713.29 and explained that “under most circumstances it would be unfair to require a contractor who recovers the bulk of its claim to pay attorney’s fees for failure to meet the technical requirements of the mechanic’s lien law.” Prosperi, 626 So.2d at 1363. In light of Moritz’s requirement of a “more flexible” approach, the Florida Supreme Court explained that “the trial judge must have the discretion to consider the equities and determine which party has in fact prevailed on the significant issues.” Id. “[I]t was obviously not the intent of the legislature to award attorneys’ fees to a defendant in a mechanics’ lien foreclosure merely because he successfully defends against the impression of a lien yet is nevertheless found liable in damages, in the same case, for labor and/or materials furnished for his benefit.” Id. at 1362 (quoting Emery v. Int’l Glass & Mfg., Inc., 249 So.2d 496, 500 (Fla. 2d DCA 1971)).
*318 Under the “significant issues” test, the determination of the prevailing party should be made at the conclusion of the case, when all pending counts are resolved. GMPF Framing, LLC v. Villages at Lake Lily Assocs., LLC, 100 So.3d 243, 245 (Fla. 5th DCA 2012). However, a trial court has the discretion to make a determination that neither party prevailed on the significant issues in the litigation so as to be entitled to an award of attorney’s fees under the construction lien law. Trytek, 3 So.3d at 1203.
The case before us presents the question of whether the “significant issues” test of Moritz and Prospeñ applies to section 713.31.
Section 713.31(2)(c), Florida Statutes (2008), states:
An owner against whose interest in real property a fraudulent lien is filed, or any contractor, subcontractor, or sub-subcontractor who suffers damages as a result of the filing of the fraudulent lien, shall have a right of action for damages occasioned thereby. The action may be instituted independently of any other action, or in connection with a summons to show cause under s. 713.21, or as a counterclaim or cross-claim to any action to enforce or to determine the validity of the lien. The prevailing party in an action under this paragraph may recover reasonable attorney's fees and costs. If the lienor who files a fraudulent lien is not the prevailing party, the lienor shall be liable to the owner or the defrauded party who prevails in an action under this subsection in damages, which shall include court costs, clerk’s fees, a reasonable attorney’s fee and costs for services in securing the discharge of the lien, ... and punitive damages in an amount not exceeding the difference between the amount claimed by the lienor to be due or to become due and the amount actually due or to become due.
§ 713.31(2)(c), Fla. Stat. (2008) (emphasis added).
Notably, section 713.31(2)(c) was amended in 2007 to include a “prevailing party” standard in the fraudulent lien context. Under the previous version of section 713.31(2)(c), there was no reference to a “prevailing party,” and a lienor who filed a fraudulent lien was automatically hable for damages, including attorney’s fees. The pre-2007 version of section 713.31(2)(c) states in relevant part: “The henor who files a fraudulent hen shall be hable to the owner or the defrauded party in damages, which shall include court costs, clerk’s fees, a reasonable attorney’s fee .... ” § 713.31(2)(c), Fla. Stat. (2006).
Here, the trial court properly applied the “significant issues” test of Moñtz and Prospeñ in denying the homeowner’s claim for attorney’s fees under the current version of section 713.31. First, under the plain language of section 713.31(2)(c), an “owner against whose interest in real property a fraudulent hen is filed” may recover attorney’s fees only “[i]f the henor who files a fraudulent hen is not the prevailing party.” Thus, the plain language of the statute contemplates that a henor who files a fraudulent hen could still be the prevailing party.
 Second, the 2007 amendment to section 713.31(2)(c) indicates that the legislature intended to eliminate a lienor’s automatic hability for attorney’s fees where the henor files a fraudulent hen. “It is a well-established presumption that the legislature intends to change the law when it amends a statute.” Hill v. State, 143 So.3d 981, 986 (Fla. 4th DCA 2014). Moreover, the legislature is presumed to know the existing law, including judicial decisions, when it enacts or amends a statute. Cres *319 cent Miami Ctr., LLC v. Fla. Dep’t of Revenue, 903 So.2d 913, 918 (Fla. 2005).
The homeowner’s argument relies on case law applying the pre-2007 version of section 713.31(2)(c). See Sharrard v. Ligon, 892 So.2d 1092, 1099-1100 (Fla. 2d DCA 2004) (under the pre-2007 version of section 713.31, the contractor’s damages for breach of contract were subject to a setoff for any amounts that may be determined to be due to the owners on their claim for damages for the filing of a fraudulent lien); Delta Painting v. Baumann, 710 So.2d 663, 664 (Fla. 3d DCA 1998) (under the pre-2007 version of section 713.31, homeowners who prevailed on a fraudulent lien counterclaim against the contractor were entitled to attorney’s fees, even though the contractor prevailed on its breach of contract claim).
The 2007 amendment, however, must have been intended to change the law. Here, the purpose of the 2007 amendment was to replace a rigid rule of automatic liability for attorney’s fees with Prosperi’s flexible standard of awarding attorney’s fees to the prevailing party on the significant issues.
Third, the equitable nature of section 713.31 counsels in favor of applying the flexible “significant issues” test of Prosperi in deciding entitlement to “prevailing party” attorney’s fees under section 713.31.
In sum, the trial court properly applied the “significant issues” test of Moritz and Prosperi in denying the homeowner’s claim for attorney’s fees under section 713.31. Even if a party prevails on a fraudulent lien claim, the party must be the prevailing party in the case as a whole to be entitled to attorney’s fees under section 713.31. See Wells v. Halmac Dev., Inc., 189 So.3d 1015, 1016-22 (Fla. 3d DCA 2016). Because the trial court did not abuse its discretion in determining that the homeowner was not the prevailing party on the significant issues in this case, we affirm the trial court’s order denying the homeowner’s motion for attorney’s fees and costs. We also affirm the award of costs to the contractor in the consolidated case (4D15-2588), because the contractor was adjudicated to be the prevailing party in the litigation.

The Contractor’s Cross-Appeal

On cross-appeal, the contractor challenges the trial court’s determination that its lien was fraudulent. We affirm, because competent substantial evidence supports the trial court’s finding of a fraudulent lien. See Delta Painting, 710 So.2d at 664 (holding that a trial court’s finding of a fraudulent lien must be supported by competent evidence). “It is within the trial court’s discretion to determine the intent and good or bad faith of the lienor, and thus, it would be inappropriate for this court to substitute its judgment for that of the lower court.” Zupnik Haverland, L.L.C. v. Current Builders of Fla., Inc., 7 So.3d 1132, 1135 (Fla. 4th DCA 2009).
A fraudulent lien is one in which
the lienor has willfully exaggerated the amount for which such lien is claimed or in which the lienor has willfully included a claim for work not performed upon or materials not furnished for the property upon which he or she seeks to impress such lien or in which the lienor has compiled his or her claim with such willful and gross negligence as to amount to a willful exaggeration ....
§ 713.31(2)(a), Fla. Stat. (2008).
Here, we find no abuse of discretion in the trial court’s determination that the contractor’s lien was fraudulent, where the court found that the lien was willfully exaggerated and included items not properly lienable “by any stretch of the imagination.” See Levin v. Palm Coast Builders & *320 Constr., 840 So.2d 316, 317 (Fla. 4th DCA 2003) (upholding trial court’s finding that lien was fraudulent because it included items that were not lienable “by any stretch of the imagination,” including pool upkeep charges, lawn maintenance charges, homeowner’s association fees, and utility charges).
We further find that the trial court properly denied the contractor’s motion for attorney’s fees based on its invalid proposal for settlement. We need not decide whether the proposal was timely, as we find that it was ambiguous. See Papouras v. BellSouth Telecomms., Inc., 940 So.2d 479, 480-81 (Fla. 4th DCA 2006).
Affirmed on appeal and cross-appeal.
Ciklin, C.J., and Lee, Robert W., Associate Judge, concur.