[PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10872

_____

ROYAL PALM PROPERTIES, LLC,
a Florida limited liability company,

Plaintiff-Counter
Defendant-Appellee,

*versus*

PINK PALM PROPERTIES, LLC,
a Florida limited liability company,

Defendant-Counter
Claimant-Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:17-cv-80476-DMM

———————————

Before WILSON, ROSENBAUM, Circuit Judges, and COVINGTON,[★] District Judge.

WILSON, Circuit Judge:

Today we decide if civil lawsuits are more like regular or postseason National Football League (NFL) games. That is, can they end in a tie or must a winner always be named?

We think they are more like regular season games. Courts, unlike the NFL, are not in the business of declaring winners; they are in the business of settling legal disputes. And, sometimes, legal disputes do not have a clear winner (in legalese, a "prevailing party"). As such, courts are not required to declare a winner—or a "prevailing party"—in every case.

The answer to this question—whether legal cases can end in a tie or if a prevailing party must be named—is significant because the prevailing party of a lawsuit is ordinarily entitled to recover its costs, *see* Fed. R. Civ. P. 54(d)(1), and also can be eligible for fee

—————————

[★] The Honorable Virginia M. Covington, United States District Judge for the Middle District of Florida, sitting by designation.

awards under various fee-shifting statutes. In the case at hand, Royal Palm Properties, LLC (Royal Palm) sued Pink Palm Properties, LLC (Pink Palm) for trademark infringement and Pink Palm countersued. Both parties ultimately lost on their claims. Pink Palm asserted that it was the prevailing party, and thereby entitled to costs under Rule 54 and "exceptional case" fees under the Lanham Act, because it successfully defended the initial infringement claim. Because there was a split judgment and both parties lost on their claims, however, the district court ruled that there was "no clear winner" and, thus, no prevailing party. After careful review we agree that there was no prevailing party in this case and affirm the judgment of the district court.

## I.    BACKGROUND

To understand the legal issues on appeal, it is helpful to delve into the case's procedural history.

Royal Palm initiated this action against Pink Palm in April 2017, alleging that Pink Palm infringed its registered service mark "Royal Palm Properties" (the Trademark)[1] in violation of the Lanham Act, 15 U.S.C. § 1114. Pink Palm responded by filing five counterclaims, four seeking cancellation of the Trademark for various reasons and one seeking a declaratory judgment of non-infringement. In March 2018, at the motion-to-dismiss stage, three of Pink

---

[1] Royal Palm successfully registered the Trademark with the United States Patent and Trademark Office on November 27, 2012.

Palm's counterclaims were dismissed with prejudice. The surviving cancellation counterclaim sought a declaratory judgment of invalidation and cancellation of the Trademark on the grounds that it is not distinctive and is confusingly similar to previously registered trademarks.

Royal Palm's infringement claim and Pink Palm's surviving counterclaims of noninfringement and cancellation proceeded to trial. Following a three-day trial, the jury unanimously found that Pink Palm did not infringe the Trademark and that the Trademark was not invalid on the grounds asserted by Pink Palm. Pink Palm subsequently moved for judgment as a matter of law (JMOL), asking the district court to overrule the jury's determination that the Trademark was valid. The district court agreed with Pink Palm and entered an order and final judgment granting it JMOL, thereby overruling the jury verdict and invalidating the Trademark. Pink Palm subsequently filed a motion for bill of costs, which the district court granted as Pink Palm was the prevailing party in light of its order granting JMOL.[2]

Not happy with the Trademark being invalidated, Royal Palm timely appealed. This brings us to *Royal Palm I*. There, after hearing oral argument, we reversed the district court's grant of JMOL, reinstating the jury's verdict and the Trademark's validity.

---

[2] After Royal Palm appealed from the final judgment, the district court granted Royal Palm's unopposed motion to stay the execution of its order granting Pink Palm's costs pending appeal.

21-10872                Opinion of the Court                5

*See Royal Palm Props., LLC v. Pink Palm Props., LLC*, 950 F.3d 776, 780 (11th Cir. 2020) (*Royal Palm I*).

Back in the district court after *Royal Palm I*, as relevant here, Pink Palm sought costs under Rule 54(d)(1) and "exceptional case" fees under the Lanham Act, both of which would require a finding that Pink Palm was the prevailing party. *See* Fed. R. Civ. P. 54(d)(1) ("[C]osts . . . should be allowed to the prevailing party."); 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). As a result of the appellate mandate, the district court ruled that Pink Palm was (1) no longer the prevailing party for purposes of costs, and (2) not entitled to an award of attorney fees under the Lanham Act's exceptional case doctrine. In light of the jury's split decision on the parties' competing claims, the district court held that neither party would recover fees or costs. The court reasoned that neither Pink Palm nor Royal Palm could be viewed as the prevailing party since each party brought significant claims that were ultimately unsuccessful:

> There are two central issues in this case. The first is whether [Pink Palm] had infringed [Royal Palm's] Trademark, and the second is whether [Royal Palm's] Trademark is invalid for the reasons asserted by [Pink Palm]. The Jury found that [Pink Palm] had not infringed the Trademark but that the Trademark is not invalid on the grounds asserted by [Pink Palm]. Thus, in the Eleventh Circuit's words, "the jury split the baby[.]" . . . . In light of the Jury's Verdict, it is

clear that each Party prevailed on a central issue and that each Party lost on a central issue in this case.

Considering the entire record, including [Royal Palm's] successful appeal of the Order Granting Renewed Motion for [JMOL], I find that neither Party so clearly prevailed as to be considered the prevailing party under the applicable law. "[T]he 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.'" *CRST*, 136 S. Ct. at 1646 (citation omitted).[3] No such material alteration exists here, as [Royal Palm] has maintained the Trademark and it was found that [Pink Palm's] prior conduct did not infringe that Trademark. Even construing the resolution of the Parties' disputes as a material alteration of their legal relationship, each Party prevailed and lost on one of the two central issues in this case—leaving no clear winner.

Although this outcome is unusual, the unusual facts of this case warrant it. The Parties point to no precedent requiring a court to declare a prevailing party in every case. In sum, having carefully considered the record, the Parties' respective arguments,

---

[3] *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642 (2016).

and the applicable law, I am simply not persuaded
that either Party can be declared prevailing.

Because it found that neither party could be characterized as
the prevailing party, the district court declined to award costs or
fees to Pink Palm. This is Pink Palm's appeal of the district court's
fee order.

## II.    STANDARDS OF REVIEW

In reviewing a district court's prevailing party determina-
tion, we review the court's underlying factual findings for clear er-
ror but review de novo the legal question of whether those facts
suffice to render a party a "prevailing party." *Beach Blitz Co. v. City
of Miami Beach*, 13 F.4th 1289, 1297 (11th Cir. 2021).

Before we can decide whether the district court erred by fail-
ing to name Pink Palm the prevailing party, however, we must ad-
dress a threshold issue: Are courts required to name a prevailing
party in every case, or can there be no prevailing party? This is a
pure legal question that we review de novo. *See Sargeant v. Hall*,
951 F.3d 1280, 1282 (11th Cir. 2020).

## III.    THE PREVAILING PARTY STANDARD

While the question of whether there can be no prevailing
party is an issue of first impression for our court, the term "prevail-
ing party" "is no stranger to the law." *Buckhannon Bd. & Care
Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598,
611 (2001) (Scalia, J., concurring). The concept of awarding costs to
the prevailing party appears in Supreme Court opinions dating as

far back as the mid-1800s. *See, e.g.*, *Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. 460, 461 (1855) (noting "the repeated recognition by acts of congress of the right of the prevailing party to costs"); *The Baltimore*, 75 U.S. 377, 388 (1869) ("Costs have usually been allowed to the prevailing party . . . .").

Today numerous federal statutes and rules allow courts to award costs to the "prevailing party." At issue here is the designation of prevailing party status and the awarding of costs under Federal Rule of Civil Procedure 54. Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

"Prevailing party" is a legal term of art. Black's Law Dictionary defines the term as: "A party in whose favor a judgment is rendered, regardless of the amount of damages awarded <in certain cases, the court will award attorney's fees to the prevailing party>. — Also termed *successful party*." *Prevailing party*, *Black's Law Dictionary* (11th ed. 2019) (emphasis in original). The Supreme Court has said that "a prevailing party" is "one who has been awarded some relief by the court." *Buckhannon*, 532 U.S. at 603; *see also Hewitt v. Helms*, 482 U.S. 755, 760 (1987) ("Respect for ordinary language requires that a [party] receive at least some relief on the merits of his claim before he can be said to prevail.").

However, obtaining "some relief" is not always enough. To cross the threshold to prevailing party status, the Supreme Court has emphasized that a party—"at a minimum"—"must be able to

point to a resolution of the dispute which changes the legal relationship" between the parties. *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989) (referring to "the material alteration of the legal relationship of the parties" as the "touchstone of the prevailing party inquiry").

We can thus distill from the Supreme Court's prevailing party jurisprudence that there are two requirements for a party to reach prevailing party status. First, the party must be awarded some relief on the merits of its claim by the court. *Buckhannon*, 532 U.S. at 603. Second, the party must be able to point to a resolution of the dispute which materially altered the legal relationship between the parties. *Garland*, 489 U.S. at 792–93.

While the majority of the Supreme Court's prevailing party jurisprudence—including *Garland* and *Buckhannon*—comes from civil rights actions, there is no reason to believe that its definition of the legal term "prevailing party" varies across different legal contexts. After all, "[w]ords that have acquired a specialized meaning in the legal context must be accorded their *legal* meaning." *Buckhannon*, 532 U.S. at 615 (Scalia, J., concurring).

The Supreme Court has applied the term's same legal meaning across various civil rights fee-shifting statutes. *See, e.g.*, *id.* at 603–04 (applying the prevailing party standard from *Garland* and *Hewitt*, both 42 U.S.C. § 1988 cases, to the fee-shifting provisions of the Americans with Disabilities Act and the Fair Housing Amendments Act). And if the same legal term retains its legal meaning across different fee-shifting statutes, we see no reason to

depart from that meaning in the context of fees. After all, fees under § 1988 are awarded to the prevailing party "*as part of the costs*." 42 U.S.C. § 1988(b) (emphasis added); *see also Farrar v. Hobby*, 506 U.S. 103, 119–20 (1992) (O'Connor, J., concurring) (suggesting that, because of this statutory language, the prevailing party standard under § 1988 and Rule 54(d) are the same); *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) ("Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner.").

Many other courts have recognized as much, applying the same prevailing party standard across different rules and fee shifting statutes. *See, e.g.*, *B.E. Tech., LLC v. Facebook, Inc.*, 940 F.3d 675, 677 (Fed. Cir. 2019) ("We interpret the term ["prevailing party"] consistently between different fee-shifting statutes and between Rule 54(d)[.] (citation omitted)); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1180 n.1 (D.C. Cir. 1996) (applying § 1988 caselaw to a Rule 54(d) analysis because "the meaning of prevailing party is the same in either context"); *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 132 (5th Cir. 1983) (noting that "the same" prevailing party determination in § 1988 cases "must be made for an award of costs under Rule 54(d)"). We therefore find that the meaning of "prevailing party" is the same in

either context—fees or costs—and our analysis will proceed accordingly.[4]

## IV.　PREVAILING PARTY ANALYSIS

Pink Palm contends that it is the prevailing party and that the district court relied on incorrect caselaw in concluding otherwise. The district court denied prevailing party status to Pink Palm under the "central issue" test, relying on *Sherry Manufacturing Co. v. Towel King of Florida, Inc.*, 822 F.2d 1031, 1033 n.5 (11th Cir. 1987). However, Pink Palm points out, the Supreme Court expressly rejected the "central issue" test two years after *Sherry*, finding the test to be too narrow. *See Garland*, 489 U.S. at 790. Applying the correct standard as set forth in *Garland*, Pink Palm argues that it is the prevailing party because it successfully defended Royal Palm's initial claim of infringement.

Royal Palm, on the other hand, thinks the district court got it right—the court properly considered the resolution of *all* of the claims brought by both parties in concluding that there was no clear winner and, thus, no prevailing party. While this case may have started as a single-count infringement claim, Royal Palm

---

[4] Several courts have reached this same conclusion, applying the Supreme Court's prevailing party standard as outlined in *Farrar*, *Garland*, and *Buckhannon* to Rule 54(d) motions for costs. *See, e.g.*, *Manildra Milling*, 76 F.3d at 1182–83; *Tunison v. Continental Airlines Corp.*, 162 F.3d 1187, 1190 (D.C. Cir. 1998); *Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835–36 (6th Cir. 2005); *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101–02 (2d Cir. 2006) (per curiam).

asserts that Pink Palm responded to its complaint disproportion-ately—and effected a sea change in the litigation—by filing a five-count counterclaim, seeking damages, and attempting to perma-nently invalidate the Trademark. Thus, Royal Palm contends, the district court properly based its prevailing party determination on more than just the resolution of Royal Palm's initial infringement claim.

## A.

While the Supreme Court has issued multiple opinions providing guidance on how to determine who is the prevailing party in various contexts, the Court has not yet addressed whether there *has* to be a prevailing party under Rule 54. This is a question of first impression for our court and the circuit courts to have weighed in on the issue are split.

So, is there a prevailing party in every case? There are three possible ways to answer this question: (1) there can be more than one prevailing party, (2) there has to be a single prevailing party, or (3) there can be no prevailing party.

Given the statutory text, we can quickly dispense with an-swer 1 and the idea that there can be multiple prevailing parties. The plain language of Rule 54 unequivocally restricts the number of prevailing parties to one. This is because the text of Rule 54 pos-its the awarding of costs to "the prevailing party"—in the singu-lar—and not to "the prevailing parties." *See* Fed. R. Civ. P. 54(d)(1). We would violate the statutory canon that "words are to be given

21-10872                Opinion of the Court                13

the meaning that proper grammar and usage would assign them" if we were to read the use of a singular term ("party") to mean the use of the plural ("parties"). *See Nielsen v. Preap*, 139 S. Ct. 954, 965 (2019) (alteration adopted) (quoting A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* 140 (2012)). As the Federal Circuit put it, had the Supreme Court[5] "intended for there to be multiple prevailing parties, it could easily have said so, substituting 'parties' for 'party.'" *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). And the Supreme Court's use of the definite article "the"—rather than the indefinite article "a"—also evinces that there can be no more than one prevailing party. *See id.*

Since the Rule's text clearly does not allow for multiple prevailing parties, we are left with a choice between answer 2 (there must be a single prevailing party) and answer 3 (there can be no prevailing party). The question of whether there *must* be a prevailing party is especially germane in the context of mixed judgment cases, as here. And, as the Federal Circuit points out, "Rule 54(d)

---

[5] We note that some courts reference "Congress" or "the legislating body" when referring to the drafters of Rule 54. This opinion will refer to "the Supreme Court" or "the Court" instead because, pursuant to the Rules Enabling Act, the Federal Rules of Civil Procedure are promulgated by the Supreme Court through the Judicial Conference. *See* 28 U.S.C. §§ 2072, 2073. Of course, the Rules must thereafter be adopted by Congress to have effect, 28 U.S.C. § 2074, but that does not change the fact that the Court drafts them in the first instance.

has no special rule or exception for mixed judgment cases, where both parties have some claims decided in their favor." *Id.*

The parties in this case and the circuits that have weighed in are split between answers 2 and 3. The Federal Circuit thinks that answer 2 is correct and that the court must declare a prevailing party. *See id.* at 1367 ("[E]ven in mixed judgment cases, punting is not an option."). Other circuits, however, have adopted answer 3, finding instances where neither party prevails. *See E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899, 907 (8th Cir. 2016) (no prevailing party where parties "achieve[d] a dead heat"); *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 584 (5th Cir. 1986) (finding under the facts of the case that the court "cannot say that either party prevailed"); *see also Srybnik v. Epstein*, 230 F.2d 683, 686 (2d Cir. 1956) (awarding neither party prevailing party costs is appropriate "where the defendant counter-claims for affirmative relief and neither party prevails on its claim").

We think answer 3 is correct and that there are instances where neither party qualifies as the prevailing party. To understand why, it's helpful to first outline the flaws in answer 2—requiring a prevailing party in every case—by examining the Federal Circuit's approach in *Shum*.

In *Shum*, the Federal Circuit held that a court must declare a single prevailing party in every case. 629 F.3d at 1367 ("For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, 'prevailing party' to receive any costs award."). While we disagree with the holding in *Shum*, we

agree with Federal Circuit's analysis on two points. First, that the text of Rule 54(d) does not allow for multiple prevailing parties (stated differently, that there can only be one winner for the purposes of costs). Second, that Rule 54(d) has no special rule or exception for mixed judgment cases. The *Shum* court, however, made a logical leap in concluding that—because of these two facts—each case *must* have one prevailing party.

Laying out the proper prevailing party standard, *Shum* goes on to say that, "[t]o be a 'prevailing party,' our precedent requires that the party have received at least some relief on the merits" and that the relief "must materially alter the legal relationship between the parties." *Id.* But what about cases that do not result in a material alteration in the legal relationship of the parties?

This logical leap becomes clear when considering together two rules outlined in *Shum*: (1) a party is the prevailing party only if it obtains relief that materially alters the legal relationship of the parties; and (2) a court *must* choose one and only one prevailing party. For both (1) and (2) to be true, then it would also have to stand that a material alteration in the legal relationship between the parties occurs in *every* case. We do not think this is right. If a party only reaches prevailing party status if a certain condition is satisfied (the material alteration of the legal relationship), then—assuming this condition is not a given—there must exist a scenario in which that condition is not satisfied. In other words, a scenario in which the relationship between the parties is not materially altered and, consequently, there is no prevailing party.

The Eighth Circuit addresses such a scenario in *East Iowa Plastics.* There, the court found that there was no such material alteration in the parties' relationship where both parties brought unsuccessful claims and "the district court essentially restored the status quo ante." *E. Iowa Plastics*, 832 F.3d at 906–07. The court concluded that it did not see how either party could be declared the prevailing party "[w]here the parties achieve[d] a dead heat." *Id.* at 907.

We find the Eighth Circuit's reasoning persuasive. Adopting a rule that allows room for scenarios where neither party satisfies the "minimum" alteration-of-the-legal-relationship requirement for prevailing party status makes sense. *See Garland*, 489 U.S. at 792. Nothing in Rule 54, nor in Supreme Court precedent, requires the district court to arbitrarily name a winner in such instances where neither party crosses the threshold to prevailing party status.

Adopting the position that there must always be a prevailing party would be akin to us reviving an approach to the prevailing party determination—often called the "catalyst theory"—that the Supreme Court has explicitly rejected. The catalyst theory, formerly followed by multiple circuit courts, "allows an award where there is no judicially sanctioned change in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605. Allowing awards in such a scenario, however, is antithetical to the Supreme Court's definition that a prevailing party must be able to identify a resolution of the case that changed the legal relationship of the parties. *See Garland*, 489 U.S. at 792. The Supreme Court has explicitly denounced

the use of the catalyst theory in federal prevailing party determinations because it would allow cost and fee awards to parties that do not meet this minimum requirement. *See Buckhannon*, 532 U.S. at 605. In doing so, the Court noted that its precedents "counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties." *Id.*

Holding that the district court *must* name a prevailing party in every case, including those in which there is no alteration in the legal relationship of the parties, would ignore this counsel and contravene Supreme Court prevailing party precedent.

★    ★    ★

When the resolution of the parties' legal dispute does not result in a material change in their legal relationship, there is, by the Supreme Court's definition, no prevailing party. We therefore now hold that (1) the text of Rule 54(d) does not allow for multiple prevailing parties, and (2) there is not always a prevailing party in every case. Simply put, a district court may find (at most) one prevailing party, but it is not required to do so in every case.

B.

Applying this rule to the case at hand, the district court correctly concluded that, because there was no material alteration in the legal relationship between the parties in this split-judgment case, there was no prevailing party.

Pink Palm's argument for why it is entitled to prevailing party status focuses on one thing: its successful defense of Royal Palm's infringement claim. Pink Palm seems to forget, however, that it responded to that infringement claim by asserting five counterclaims against Royal Palm, four of which sought cancellation of Royal Palm's Trademark. While most of those counterclaims were dismissed, one of Pink Palm's cancellation counterclaims and its non-infringement counterclaim proceeded to trial. The issues of Trademark infringement and cancellation were tried over three days, and the jury ultimately found that Pink Palm did not infringe the Trademark and that the Trademark was not invalid.[6] Pink Palm thus successfully defended Royal Palm's infringement claim, and Royal Palm successfully defended Pink Palm's cancellation claim.

This is far from Pink Palm's contention on appeal that "Pink Palm and only Pink Palm achieved some of the relief sought." In fact, we have previously recognized—prior to this fee dispute—the split-judgment, no-clear-winner nature of this case when we described the jury's verdict (which we reinstated) in *Royal Palm I*, 950 F.3d at 781 ("After a three-day trial, the jury split the baby: It upheld the mark but found that Pink Palm [] hadn't infringed it.").

Since neither party "won" on the claims they asserted, it is helpful to look at how courts determine whether a party *defending*

---

[6] While the jury's verdict was initially reversed by the district court, it was subsequently reinstated on appeal. *See Royal Palm I*, 950 F.3d at 780.

a claim has prevailed. The Supreme Court provided guidance on how courts should do so in *CRST Van Expedited, Inc. v. E.E.O.C.*, first recognizing the different goals of plaintiffs and defendants: "Plaintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor." 578 U.S. 419, 431 (2016). A party defending a claim, however, has "fulfilled its primary objective whenever the plaintiff's challenge is rebuffed." *Id.*

Here, both Royal Palm and Pink Palm "rebuffed" the other's claim as to the Trademark. *See id.* Under these circumstances, we don't see how either party can be named the "prevailing party." Keeping in mind that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties," *Garland*, 489 U.S. at 792–93, we agree with the Eighth Circuit that "there is no such alteration where, as here, the district court essentially restored the status quo ante." *E. Iowa Plastics*, 832 F.3d 906–07. This case is precisely the kind of legal "tie" where it would make no sense to force the district court to declare a prevailing party.[7]

---

[7] The majority of the court's fee order is well-reasoned and applies the correct alteration-of-the-legal-relationship standard. However, the court also references the "central issue" test in its analysis. Pink Palm is correct in pointing out that the Supreme Court rejected the "central issue" test in *Garland*, and courts should thus no longer use the test in their prevailing party determinations. *See Garland*, 489 U.S. at 790. Under any standard of review, however,

⋆    ⋆    ⋆

Whether viewed as both parties losing on the claims they asserted or both parties successfully defending the claims brought against them, the split-judgment in this case "is not the stuff of which legal victories are made." *See Hewitt*, 482 U.S. at 760. We therefore hold that neither party has crossed the threshold to prevailing party status. And, because neither party prevailed in this matter, the district court properly declined costs and fees to Pink Palm.

## V.    CONCLUSION

To bring the analogy into the endzone, we now hold that civil lawsuits more so resemble regular than post-season NFL games in that a winner does not always have to be declared. When the parties achieve a "tie," a district court may find no prevailing party for purposes of costs and fees. While there will be occasional instances, such as this one, where neither party prevails, we note that in the majority of cases whether there is a prevailing party and which party prevailed will be easily determined. *See* 10 C. Wright & A. Miller, *Federal Practice & Procedure* § 2667 (4th ed. 2008) ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."). When granting

---

the district court's use of the test would not prevent us from affirming the court's judgment here in light of the well-settled rule that "if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason." *Helvering v. Gowran*, 302 U.S. 238, 245 (1937).

prevailing party status in those instances, however, a district court is limited to naming one, and only one, prevailing party.

Applying these rules to the case at hand, the district court properly found that neither party was the prevailing party. And, because it did not meet the threshold requirement of prevailing party status, Pink Palm was rightly denied costs under Rule 54 and attorney fees under the Lanham Act.

**AFFIRMED.**