[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13453

Non-Argument Calendar

_____

CENTER FOR INDIVIDUAL RIGHTS,

Plaintiff-Counter Defendant-Appellee,

*versus*

IRINA CHEVALDINA,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cv-20905-WPD

_____

Before LUCK, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Irina Chevaldina, proceeding *pro se*, appeals following the voluntary dismissal, without prejudice, of a civil diversity breach of contract action filed against her by the Center for Individual Rights (the "Center"), and the denial of certain motions she made seeking vacatur or reconsideration of the district court's prior rulings.

We note that in 2020, we affirmed the district court in part, vacated in part, and remanded this case for further proceedings. *Ctr. for Indiv. Rights v. Chevaldina*, 829 F. App'x 416, 417-19 (11th Cir. 2020) (unpublished). In doing so, we held that Chevaldina had "wholly failed to adduce any evidence" in support of a counter-claim against the Center; we affirmed the district court's grant of summary judgment to the Center on that counterclaim; but we also vacated the grant of summary judgment in one respect and remanded the case for further proceedings. *Id.* at 417-418. These ended with the judgment referenced above.

On appeal, Chevaldina contends that the district court erred: (i) in July 2019, while the earlier appeal was pending, by awarding the Center $6,303.80 in attorneys' fees and costs as reasonable expenses following a partially successful motion to hold Chevaldina in contempt and to compel post-judgment discovery; (ii) by denying the various motions under Fed. R. Civ. P. 59 or 60, which she filed between October 2018 and September 2021 (which motions

challenged orders relating to post-judgment discovery and the order awarding reasonable expenses to the Center and the amount of reasonable expenses to be awarded); and (iii) in September 2021, by granting the Center's voluntary dismissal motion without prejudice with each party bearing their own costs.

We will address each of her arguments in turn.

## I.

We review the district court's imposition of sanctions under Fed. R. Civ. P. 37 for an abuse of discretion. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994). Likewise, we review a district court's determination that a party failed to comply with local rules for abuse of discretion. *See Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993). In doing so, we "give great deference to a district court's interpretation of its local rules." *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008) (quotation marks omitted).

A district court abuses its discretion when it applies an incorrect legal standard, follows improper procedures, or makes findings of fact that are clearly erroneous. *See Luxottica Grp., S.P.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1311 (11th Cir. 2019). However, when our review is only for abuse of discretion, it "means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion . . . ." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007).

We also may affirm the district court's decision for reasons different than those stated by the district court. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1433 n.9 (11th Cir. 1998). And we will not reverse on the basis of harmless error. *See Equal Emp't Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1322–23 (11th Cir. 2019).

*Pro se* pleadings are liberally construed, but issues not briefed on appeal are normally forfeited and will not be considered. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant can abandon a claim by: (1) making only passing reference to it, (2) raising it in a perfunctory manner without supporting arguments and authority, (3) referring to it only in the "statement of the case" or "summary of the argument," or (4) referring to the issue as mere background to the appellant's main arguments. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014).

Local Rule 7.3 of the Southern District of Florida "provides a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement." S.D. Fla. R. 7.3(a). It provides that "a motion for an award of attorneys' fees and/or non-taxable costs arising from the entry of a final judgment or order" must have several listed requirements. S.D. Fla. R. 7.3.

Under Rule 69 of the Federal Rules of Civil Procedure, the procedure for execution of a money judgment "in proceedings supplementary to and in aid of judgment or execution . . . must accord with the procedure of the state where the court is located" unless there is an applicable federal statute. Fed. R. Civ. P. 69(a)(1). In aid

of the judgment or execution, "the judgment creditor . . . may obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see* 42 U.S.C. § 1988.

In Florida, a person who has recovered a judgment in any court against any person or entity "may obtain discovery from any person, including the judgment debtor." Fla. R. Civ. P. 1.560(a). The rule further provides that:

> In addition to any other discovery available to a judgment creditor under this rule, the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court. *Failure to obey the order may be considered contempt of court.*

Fla. R. Civ. P. 1.560(b) (emphasis added).

"Sanctions allowed under Rule 37 are intended to 1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." *Wouters v. Martin Cnty.*, 9 F.3d 924, 933 (11th Cir. 1993). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Amer. Comm.*, 178 F.3d 1373, 1375 (11th Cir. 1999). "Rule 37 sanctions were designed not merely to penalize

those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Carlucci v. Piper Aircraft Corp.,* 775 F.2d 1440, 1447 (11th Cir. 1985) (quotations omitted). "[I]n cases invoking the sanction power of Rule 37[,] the district court must clearly state its reasons so that meaningful review may be had on appeal." *Id.* at 1453 ( quotations omitted). "The district court has broad discretion [to impose sanctions], and this is 'especially true when the imposition of monetary sanctions is involved.'" *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994) (citation omitted). "The magnitude of sanctions awarded is bounded under Rule 37 only by that which is 'reasonable' in light of the circumstances." *Carlucci*, 775 F.2d at 1453. "If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Rule 37(a)(5)(A) states that "if a motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Rule gives three exceptions that justify no award of costs, when "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court

action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

The district court did not hold Chevaldina in contempt, and it denied the Center's motion in this respect, but it also granted the Center's motion in part—i.e. granting the motion to compel Chevaldina to provide the Center with information. Accordingly, it found that reasonable expenses were "generally mandatory" under the circumstances. In light of this reasonable construction of the motion, and the circumstances set forth above, the district court did not abuse its discretion in awarding reasonable expenses to the Center for expenses incurred in that regard, even though Chevaldina was pro se. *Moon*, 863 F.2d at 835, 837.

Chevaldina's arguments about whether she was held in contempt or was sanctioned largely fail to address the fact that expenses are generally mandatory when a motion to compel is granted under Rule 37. Fed. R. Civ. P. 37. Thus, the Center was entitled to reasonable expenses unless it failed to consult with Chevaldina ahead of time, Chevaldina's failure was substantially justified, or other circumstances made an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Chevaldina fails to offer substantive argument to suggest that the Center did not consult with her. Moreover, the Center attached its communications with her to show that it did, in fact, "attempt[t] in good faith to obtain the disclosure or discovery [from her] without court action." Fed. R. Civ. P. 37(a)(5)(A)(i).

As to whether her non-disclosure was substantially justified, Chevaldina's argument that she was not required to "serve" the Fact Information Sheet is frivolous, because while the order used the term "serve," it was evident from the context that Chevaldina needed to do more than "complete" the form without providing it to anyone. Moreover, in response to Chevaldina's argument that the order was unclear, the Center attested and provided evidence that it contacted Chevaldina to explain the requested materials. Chevaldina's other arguments against compliance—related to the district court's subject-matter jurisdiction, the voidness of the judgment, and the district court judge's purported bias against her— were properly found to be "meritless" by the district court and the magistrate judge. Under these circumstances, the "nondisclosure, response, or objection was [not] substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).

Turning to Chevaldina's arguments about adequate notice, choice of law, opportunity to be heard, and the Center's compliance with the local rules, there is nothing in the record suggesting that Chevaldina did not have an opportunity to respond, as she responded multiple times to the Center's initial motions for contempt, the magistrate judge's order recommending no costs be awarded, the district court's order awarding costs, and she reiterated and expanded on these arguments repeatedly in her motions to vacate and reconsider. Likewise, her argument about the Local Rules assumes that S.D. Fla. R. 7.3 applies to an award of costs under Fed. R. Civ. P. 37, which the Rule does not reference. *Reese*,

527 F.3d at 1267 n.22 (deferring to a district court's understanding of its own local rules).  There is also nothing in Rule 69 that states that the use of Florida law in post-judgment proceedings to obtain discovery is exclusive, and that a party cannot use both Federal and state law to obtain discovery.  *See* Fed. R. Civ. P. 69(a)(2).  Both Federal and Florida law, moreover, authorize the type of discovery the Center sought in this case.  Fed. R. Civ. P. 69(a)(2), Fla. R. Civ. P. 1.560(b).  Finally, the Center cited both bodies of law in its motion seeking discovery, which the district court approved.

To the extent Chevaldina raises a challenge to the district court's determination about the amount of the award, she failed to make these arguments before the district court approved the amount.  Moreover, her allegations about the amount of costs are disproven by the documents the Center submitted, and the Center's explanations provided to the district court.  In other words, Chevaldina has not shown an abuse of discretion in the district court's acceptance of the Center's fee calculations.

As to her inability to pay, Chevaldina has not shown error on appeal.  In her brief, she simply states that the district court should have considered the issue, which does not show that, if the district court had considered that, its ruling would have been any different.  *STME, LLC*, 938 F.3d at 1322–23.  Thus, she has not shown that "other circumstances" made an award unjust.  Fed. R. Civ. P. 37(a)(5)(A)(iii).

II.

We review the denial of a motion for reconsideration for abuse of discretion. *See United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). We have affirmed the denial of a motion for reconsideration when the defendant did not present newly discovered evidence. *See Arthur v. King*, 500 F.3d 1335, 1343–44 (11th Cir. 2007). We have also affirmed the denial of a motion for reconsideration where the defendant "did nothing but ask the district court to reexamine an unfavorable ruling." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). A motion for reconsideration may not be used to re-litigate old matters or present arguments or evidence that could have been presented before judgment was entered. *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

We also review the denial of a Rule 60(b) motion for an abuse of discretion. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000). Rule 60(b) allows a party to seek relief or reopen his case based on the following limited circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been discharged; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) motion is intended "only for extraordinary circumstances." *Toole*, 235 F.3d at 1316 (quotation marks and citation omitted).

However, we review *de novo* the extent to which the law-of-the-case doctrine applies, *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005), and

whether a mandate has been complied with, *Cambridge Univ. Press v. Albert*, 906 F.3d 1290, 1298 (11th Cir. 2018).

Under the law-of-the-case doctrine, an appellate court's findings of fact and conclusions of law are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal. *This That & the Other Gift & Tobacco, Inc. v. Cobb Cty.*, 439 F.3d 1275, 1283 (11th Cir. 2006). The mandate rule—a specific application of the law of the case—binds a lower court to execute the mandate of the higher court without examination or variance. *Albert*, 906 F.3d at 1299. A court "may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985). The law-of-the-case doctrine and the mandate rule do not extend to issues that the appellate court did not explicitly or implicitly address. *Id.* at 1120.

We note that Chevaldina's briefs can reasonably be construed as challenging the denial of numerous motions she submitted that requested reconsideration or vacatur of particular orders or requested identical relief as rejected in prior orders. *Timson*, 518 F.3d at 874 (construing *pro se* pleadings liberally). That said, we note that our 2020 mandate did not require vacatur of the reasonable expenses awarded to the Center for Chevaldina's failure to respond to post-judgment discovery. *Bailey*, 757 F.2d at 1119. Our opinion in the prior appeal did not implicitly or expressly address this issue, and, in fact, we explicitly allowed the district court to consider other, further sanctions in its opinion. *See Chevaldina*,

829 F. App'x at 419 ("express[ing] no opinion on the merits of the sanctions issues"). Thus, the district court's refusal to vacate the reasonable expenses award and related orders did not violate our mandate. Finally, we conclude that the district court did not abuse its discretion in denying any of her motions for reconsideration. Accordingly, we affirm in these respects as well.[1]

### III.

We review for an abuse of discretion a district court's decision to grant a voluntary dismissal without conditions. *See McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). We likewise review the district court's decision whether to award costs for an abuse of discretion. *Mathews v. Crosby,* 480 F.3d 1265, 1276 (11th Cir. 2007).

When a court dismisses a suit without prejudice, and the applicable statute of limitations bars further litigation, we typically review the dismissal as if it were made with prejudice. *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).[2]

---

[1] Contrary to Chevaldina's suggestion, Chevaldina's obligation to have complied with post-judgment discovery and court orders compelling same is not diminished by the fact that this court later reversed the district court's grant of summary judgment in favor of the Center on the Center's claim for breach by Chevaldina of the contract with the Center, or by the fact that the Center even later moved to voluntarily dismiss its contract claim.

[2] We are bound by decisions issued by the former Fifth Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1210 (11th Cir. 1981) (*en banc*).

Rule 54(d)(1) provides that costs, other than attorney's fees, "should" be awarded to a "prevailing party" unless a "federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) establishes "a strong presumption that the prevailing party will be awarded costs," which "may not exceed" the limitations prescribed by statute. *Mathews*, 480 F.3d at 1276. The district court has discretion to deny a prevailing party costs, but a denial of costs to a prevailing party must be accompanied by a reason for the denial sufficient to allow appellate review of the discretion exercised. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

We review *de novo* whether a litigant is a "prevailing party" for purposes of the award of costs in a civil action. *Id.* (discussing both attorney fees and costs). The "prevailing party" usually is defined as a "litigant in whose favor judgment is rendered," even if such favorable judgment was obtained only as to a fraction of the litigant's asserted claims. *Id.* at 354–55 (citation omitted).

However, we have noted that there is not always a prevailing party in every case. *Royal Palm Properties, LLC, v. Pink Palm Properties, LLC*, 38 F. 4th 1372, 1375-77 (11th Cir. 2022) (applying federal law). Where two parties each lose on the claims they asserted against the other or both successfully defend the claims brought against them, there is no material alteration in the legal relationship between the parties, and no "clear winner" or prevailing party under Fed. R. Civ. P. 54. *Id.* at 1377-80. Florida law, likewise, provides that where both parties prevail or succeed on their

claim, a trial court does not abuse its discretion in finding no prevailing party. *See, e.g.*, *Tyrek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1203 (Fla. 2009); *Brevard Cnty. Fair Ass'n v. Cocoa Expo, Inc.*, 832 So. 2d 147, 151 (Fla. Dist. Ct. App. 2002) ("where both parties prevail on significant issues, the trial judge has the discretion to determine neither party prevailed").

Chevaldina's main argument against dismissal without prejudice on appeal misinterprets the Center's voluntary dismissal motion: Chevaldina asserts that the Center sought dismissal with prejudice, but it did not do so, except as an alternative to dismissal without prejudice. Accordingly, Chevaldina's arguments to this effect—that the parties agreed that dismissal should be with prejudice and that the district court was bound to accept the Center's request for dismissal with prejudice—are meritless.

Further, Chevaldina has arguably abandoned any argument that the district court erred in assessing the reasons for dismissing the Center's sole claim without prejudice. *Timson*, 518 F.3d at 874. For example, she does not argue that the district court incorrectly noted that the statute of limitations barred re-litigation of the claim in any event, so the dismissal functioned as a dismissal with prejudice. *See Boazman*, 537 F.2d at 213. Thus, even if the district court should have dismissed the Center's claim with prejudice, the effect would be the same, so any error would be harmless. *Id.*; *see also STME, LLC*, 938 F.3d at 1322–23.

Moreover, the district court explained the reasons for dismissing the suit without prejudice in its order, and Chevaldina does

not challenge those reasons on appeal. *Timson*, 518 F.3d at 874. Thus, the district court did not err in granting the motion for voluntary dismissal without prejudice.

Likewise, the district court did not abuse its discretion in denying costs. First, even reviewing the issue de novo, Chevaldina was not a "prevailing party" for purposes of the award of costs. *Head*, 62 F.3d at 354. The Center sued her, she asserted a counterclaim, and, after an appeal, she obtained a vacatur of the summary judgment grant on the Center's claims, but the Center prevailed as to her counterclaim. *Chevaldina*, 829 F. App'x at 417-419. After all of that, the Center voluntarily dismissed its underlying claim against her.

Under these circumstances, under either Federal or Florida law, the district court may have permissibly found no "clear winner" entitled to costs. *See Royal Palm Properties*, 38 F.4th at 1377-80; *Tyrek*, 3 So. 3d at 1203. While the district court did not explicitly state that Chevaldina was not the prevailing party, such a conclusion would justify no award of costs and would not have been an abuse of discretion. *Royal Palm Properties*, 38 F.4th at 1377-80; *Tyrek*, 3 So. 3d at 1203.

Even if this Court were to conclude that Chevaldina was a prevailing party, it does not appear that the district court abused its discretion, because her repeated and extended filing of motions, often reiterated points raised and rejected previously, arguably increased her own costs, as the district court noted. *Head*, 62 F.3d at 354. Further, as the Center notes, imposition of any conditions or

an award of costs could have led it to withdraw its motion, thereby prolonging the action further, which also supports the district court's decision in this regard.  For these reasons, we affirm.

**AFFIRMED.**