[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-10971

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

$8,500.00 IN UNITED STATES CURRENCY,

Defendant,

BRIAN MOORE,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-03847-TWT

_____

Before ROSENBAUM, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

In this appeal, Brian Moore challenges the district court's denial of his motion for attorney's fees and costs in a forfeiture action the government brought against him and then later moved to voluntarily dismiss with prejudice. The district court granted the government's motion to dismiss but determined that Moore was not a prevailing party for purposes of recouping his litigation expenses. After reviewing the record and the parties' briefs, and with the benefit of oral argument, we vacate the district court's order denying Moore's motion for attorney's fees and costs, and remand the case for further proceedings consistent with this opinion.

## I. BACKGROUND

On or around March 26, 2021, agents with the Drug Enforcement Agency ("DEA") stopped Moore in a waiting area at Hartsfield-Jackson Atlanta International Airport after witnessing what they believed to be suspicious behavior. The agents questioned Moore at length and eventually obtained Moore's consent to search his bag, which contained $8,500 in cash (the "Currency"). The agents confiscated the Currency and placed it in an envelope,

but they allowed Moore to board his flight. The agents then had a DEA narcotics detection dog sniff the envelope, and the canine alerted the agents of the possible presence of narcotics. A DEA field office held onto the Currency before turning it over to the United States Marshals Service.

On or around June 21, 2021, Moore filed a claim with the DEA, asserting that he was the rightful owner of the Currency. On September 17, the government filed a complaint for forfeiture of the Currency under 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6), alleging the Currency was used or intended to be used in conjunction with illegal drug activity.

Thereafter, the parties engaged in discovery. Moore responded to the government's interrogatories and requests for production, and he lodged objections to the government's discovery requests as well. He also moved to suppress admission of the Currency and any statements he made as evidence, maintaining that the DEA agents lacked reasonable suspicion or probable cause to stop and detain him at the airport.[1] Moore argued that the stop, the agents' questioning, and the eventual search of his bag were unlawful and, therefore, violated his Fourth Amendment rights. Before the district court ruled on Moore's motion to suppress, the government filed an emergency motion to extend discovery,

---

[1] Although a motion to suppress is atypical in a civil proceeding, a motion to suppress is appropriate in a forfeiture action brought under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) because such actions must comport with the Fourth Amendment. *See* 18 U.S.C. § 981(b)(2)(B).

which Moore opposed.  Moore's opposition was based in part on the grounds that discovery had already been extended and that the forfeiture action was nearly a year old at that point.  The district court denied the government's motion for an extension, and Moore moved for summary judgment soon after.

Five days after Moore filed his summary judgment motion, the government moved to voluntarily dismiss the complaint with prejudice.  The government contended that, after reviewing the evidence produced during discovery, it had "become convinced that it [was] not in the public interest to pursue [the] case."  In response, Moore filed a qualified objection to the government's motion, stating he did not oppose the dismissal, but that the government's proposed order should also include language that he had "substantially prevailed" under 28 U.S.C. § 2465(b).

The district court found that dismissal was proper because it would save judicial resources, would allow Moore to avoid any subsequent litigation, would save Moore from incurring additional attorney's fees and costs, and the government would return his money.  Thus, he would suffer no prejudice.  The court, however, did not rule on whether Moore had substantially prevailed in the litigation.

Following the case's dismissal, Moore moved for attorney's fees, costs, and pre- and post-judgment interest on the Currency confiscated under the Civil Asset Forfeiture Reform Act (CAFRA), 28 U.S.C. § 2465(b)(1)(A).  In his motion, Moore identified around $15,000 in attorney's fees he had incurred during the discovery

process and the filing of his motions to suppress and for summary judgment. He argued that he was entitled to attorney's fees because he had "substantially prevail[ed]" under section 2465(b)(1) and that the district court also had the discretion to award him attorney's fees pursuant to Federal Rule of Civil Procedure 41(a)(2).

The government never asserted that Moore was not entitled to attorney's fees and instead focused its arguments on whether he was entitled to the actual amount he was seeking. Moore then filed a supplemental affidavit supporting the requested amount in fees. The government responded and again only challenged the *amount* of fees Moore sought. It requested that the court reduce the fees to an amount proportional to the value of property at issue; reduce Moore's calculation of prejudgment interest by 120 days; and deny Moore's requests for costs and post-judgment interest.

The district court, acknowledging that the government did not challenge the motion *per se*, ruled that Moore was not statutorily entitled to attorney's fees, and it declined to exercise its discretion to award fees. The court's reasoning was that, first, it had never addressed the merits of Moore's defenses in the forfeiture case and the government's "voluntary change in conduct" was not tantamount to a "judgment on the merits" which might have entitled him to fees. Second, the court found that "the parties engaged in minimal discovery and motions practice" prior to the dismissal, and that the majority of fees Moore incurred were due to his counsel's own dilatory actions. The government then returned the Currency. Moore filed the instant appeal.

## II.  STANDARD OF REVIEW

We review the denial of a motion for attorney's fees for an abuse of discretion.  *United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1300 (11th Cir. 2019).  The district court abuses its discretion if it "applies an incorrect legal standard, relies on clearly erroneous factual findings, or commits a clear error of judgment." *Id.* When we review a district court's prevailing party determination, we review the court's underlying factual findings for clear error but review *de novo* the legal question of whether those facts establish "prevailing party" status.[2]   *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1375 (11th Cir. 2022) (quoting *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1297 (11th Cir. 2021)).

## III.  DISCUSSION

On appeal, Moore argues that the district court committed a legal error in denying his request for attorney's fees when it ruled that he did not "substantially prevail" under CAFRA's fee-shifting provision.  Specifically, Moore contends that the court did not need to reach the merits of his claim because the dismissal with prejudice establishes that he substantially prevailed.  The government responds that because the district court never resolved the merits of

---

[2] Although CAFRA is a "substantially prevailed" fee-shifting statute not a "prevailing party" fee-shifting statute, "we interpret [these two types of statutes] consistently." *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC,* 108 F.4th 1358, 1363 (11th Cir. 2024), *cert. denied* 145 S. Ct. 1177 (2025) (mem.) (quoting *$70,670.00 in U.S. Currency*, 929 F.3d at 1303).

Moore's claim to the Currency, Moore cannot be said to have prevailed in the case. We agree with Moore that the district court committed legal error in concluding he could not qualify as a "prevailing party."

CAFRA's fee-shifting provision provides that "in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for . . . reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1)(A). The pertinent inquiry here is whether the government's voluntary dismissal with prejudice establishes that Moore substantially prevailed.

The district court's denial of Moore's request for attorney's fees relied significantly on the Supreme Court's decision *Buckhannon*. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001). In *Buckhannon*, the Supreme Court explained that an award of attorney's fees is merited only when there is (1) a material alteration of the legal relationship of the parties, and (2) a judicial *imprimatur* on the change. *Id.* at 604–05. In applying this standard, we have explained that "[t]he touchstone of the prevailing party inquiry is the material alteration of the legal relationship of the parties, and this change must be marked by judicial *imprimatur*." *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC,* 108 F.4th 1358, 1362 (11th Cir. 2024), *cert. denied* 145 S. Ct. 1177 (2025) (mem.) (internal quotation marks and citations omitted). Despite the government's assertion, *Buckhannon* does

not require a prevailing party to receive some relief on the merits. To the contrary, the Supreme Court stated that "enforceable judgments on the merits and court-ordered consent decrees create the *material alteration of the legal relationship of the parties* necessary to permit an award of attorney's fees." *Buckhannon*, 532 U.S. at 604 (emphasis added) (internal quotation marks and citation omitted). Therefore, a judgment on the merits meets the criteria for awarding attorney's fees, but the Supreme Court did not establish relief on the merits as the sole means of meeting the criteria. *See id.*

The different objectives of the parties in litigation also informs the inquiry of whether a party has "prevailed." Thus, the Supreme Court has held that a defendant may be the "prevailing party" entitled to attorney's fees without obtaining a judgment on the merits. *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 431 (2016). The Court explained its reasoning as follows:

> Plaintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.

*Id.*

Stated more succinctly, in order to establish that one party is the prevailing party, "there must be: (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial *imprimatur* on the change in the legal relationship between the parties." *Smalbein ex rel. Est. of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (internal quotation marks and citation omitted). Accordingly, "a defendant need not obtain a favorable judgment on the merits to prevail." *Lackey v. Stinnie*, 145 S. Ct. 659, 669 n.★ (2025) (citing *CRST*, 578 U.S. at 431–34).

In addition, the material alteration in the legal relationship "must be marked by 'judicial *imprimatur*.'" *CRST*, 578 U.S. at 422 (quoting *Buckhannon*, 532 U.S. at 605). Thus, "*judicial action* rejecting or rebuffing a plaintiff's claim" is required to grant a party prevailing-party status. *Affordable Aerial Photography*, 108 F.4th at 1364.

The district court found that under *Buckhannon*, 532 U.S. at 598, the government's motion for voluntary dismissal with prejudice was a "voluntary change in conduct" that lacked "the necessary judicial imprimatur on the change." However, in *Mathews v. Crosby*, this Court found the defendants in the case, "having obtained from [Plaintiff] a voluntary dismissal with prejudice, are considered prevailing parties," albeit under Rule 54. 480 F.3d 1265, 1276 (11th Cir. 2007). More recently, in *Affordable Aerial Photography*, we reiterated that a voluntary dismissal *without* prejudice lacks the implicit "judicial rejection" of a claim required to merit an

award of attorney's fees.  108 F.4th at 1363.  Nevertheless, the Court's analysis distinguished our holding in *Mathews*, noting that "in the past, we have held that a defendant *can be* considered the prevailing party after a voluntary dismissal with prejudice." *Id.* at 1364 (emphasis altered) (citing *Mathews*, 480 F.3d at 1276).  In a footnote, we explained that unlike a dismissal without prejudice, "[t]he voluntary dismissals with prejudice at issue in *Mathews* 'clearly rebuffed with the court's imprimatur' the plaintiff's claims and prevented the plaintiff from re-litigating those same claims in the future." *Id.* at 1364 n.6 (quoting *Beach Blitz Co.*, 13 F.4th at 1301).  So, although we have found a Rule 41 dismissal without prejudice insufficient to merit attorney's fees in the past, we have not done so for a dismissal with prejudice.

That said, there is no *per se* Circuit rule that a voluntary dismissal *with prejudice* by a plaintiff *alone* either lacks or creates the necessary judicial *imprimatur* to establish a claimant "substantially prevailed." We decline to make any such rule today.  Rather, based on these facts, Moore substantially prevailed in the proceeding because there was a material alteration in the legal relationship between the parties and a sufficient judicial *imprimatur* on that change.

First, the government sought to materially alter the parties' legal relationship through a forfeiture action by permanently confiscating the Currency from Moore.  However, the government, after a year of litigation, decided to abandon the forfeiture action and returned the Currency to Moore after the district court

dismissed the action. *See CRST,* 578 U.S. at 431 ("[W]henever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision," then "[t]he defendant has . . . fulfilled its primary objective . . . .").

Second, the facts here present the necessary judicial imprimatur of that change. The district court explicitly approved the dismissal by granting the government's motion under Federal Rule of Civil Procedure 41(a)(2) as opposed to permitting a voluntary dismissal without a court order under Rule 41(a)(1)(A). *Compare Mathews,* 480 F.3d at 1276 (finding defendant was the prevailing party when plaintiff's claim was voluntarily dismissed with a court order under Rule 41(a)(2)),[3] *with Affordable Aerial Photography,* 108 F.4th at 1364 (finding defendant was not the prevailing party when the plaintiff's claim was voluntarily dismissed without a court order under Rule 41(a)(1)). Additionally, the dismissal with prejudice prevents the government from re-litigating this same claim in the future. *Affordable Aerial Photography,* 108 F.4th at 1364 n.6 (in determining whether a party prevailed, distinguishing cases where the government was prevented from re-litigating the same action in the future from those where it could refile the action); *see also $70,670.00 in U.S. Currency,* 929 F.3d at 1303 (finding a lack of judicial *imprimatur* where the order of dismissal at issue posed "no legal

---

[3] Although, in *Mathews*, this Court did not identify the specific provision under which the plaintiff's claims were voluntarily dismissed, this Court in *Affordable Aerial Photography* found "[f]rom our review of the district court docket in that case, it appears that the district court entered an order granting the plaintiff's motions for voluntary dismissals under Rule 41(a)(2)." 108 F.4th at 1364 n.6.

bar precluding the government from refiling the same forfeiture action in the future").  Thus, the district court's actions here place the requisite judicial *imprimatur* on the change in the parties' legal relationship. *Buckhannon*, 532 U.S. at 605.

Accordingly, Moore substantially prevailed here and is entitled to attorney's fees under 28 U.S.C. § 2465(b)(1)(A).

### III. CONCLUSION

For these reasons, we **VACATE** the district court's denial of Moore's motion for attorney's fees and costs and **REMAND** this case for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**